JONES *v.* THE STATE.

</div>

A prosecution for knowingly receiving stolen goods, must be commenced within two years from such reception.

APPEAL from the *Shelby* Circuit Court.

　　　　DAVISON, J.—Prosecution for receiving a stolen mare, knowing her to have been stolen. The indictment, which was the commencement of the prosecution, was found *October* the 12th, 1859. The charge is, that *Joseph Jones, Joseph J. Jones, Richard Jones* and *Henry Quinn,* on the 15th of *February,* 1858, at *Shelby* county, one black mare of the value of 100 dollars, of the personal property of one *George W. Mounts,* did then and there feloniously receive and conceal—the same mare having been then and there and theretofore feloniously stolen, &c.—they, the said *Joseph, Joseph J., Richard,* and *Henry,* then and there well knowing the said mare to have been so stolen, &c. The appellant, *Joseph Jones,* was allowed a separate trial, which resulted in a verdict of guilty. Motions for a new trial and in arrest were denied, and judgment rendered on the verdict.

　　　　The evidence proves that the mare was stolen on the 3d of *September,* 1856, and was in the defendant's possession on the 15th of the same month, and remained continuously in his possession up until *March,* 1859, when she was claimed by *Mounts* as his property. As has been seen, this

prosecution was commenced *October* 12, 1859, more than two years after the defendant received the stolen property, and was, consequently, barred by the statute of limitation, unless, as contended by the state's attorney, "the offense of receiving stolen goods is a continuing offense, and each day's possession is a new, or continued reception." We are not, however, inclined to adopt this position. The offense was complete when the defendant received the mare, knowing her to have been stolen. It was then com-committed, and the statute is, that for such offense the prosecution must be commenced within two years after its commission. 2 R. S. p. 363, § 12. To constitute this offense, the property must have been stolen, the party charged must have received it, and at the time it was received have known it to have been stolen. There must, then, as an element of the offense, be an actual reception of the stolen property. This evidently could not occur where the property, after its reception, continued in the possession of the party who received it. We are of opinion that the statute of limitation commenced running, in this case, in *September*, 1856, when the defendant received the stolen mare, and therefore continued to run. It follows, this prosecution, not having been commenced until the 12th of *October*, 1859, is barred by the statute.

*Per Curiam.*— The judgment is reversed with costs, Cause remanded, &c.

*J. W. Gordon* and *J. A. Beale*, for the appellant.

*J. E. McDonald*, Attorney General, and *A. L. Roache*, for the state.