## WILKINSON *v.* THE STATE.

The word *said*, in an indictment, will be referred to the next antecedent only when the plain meaning requires it.

An indictment for passing a forged and counterfeit bank note with intent to defraud, need not aver that the person to whom the note was passed did not know that it was counterfeit.

*Quære*, whether the intent to defraud must exist towards the person to whom the counterfeit money is passed, or whether it may not exist towards third persons.

*It seems*, that an indictment in the words of the statute, alleging the passage of the counterfeit with intent to defraud generally, would be good; but that where the intent to defraud a particular person is averred, it must be proved.

*Thursday,
June 3.*

APPEAL from the *Porter* Circuit Court.

PERKINS, J.—Indictment for forgery. Motion to quash overruled. Trial, conviction, and sentence to the penitentiary. A motion in arrest of judgment was denied.

The evidence is not upon the record.

But two questions are presented, and they arise upon the indictment.

The indictment reads as follows:

" The grand jurors of the state of *Indiana*, good and lawful men of *Porter* county, impanneled, charged and sworn in the said Circuit Court at the term thereof aforesaid, to inquire within and for the body of said county, upon their oaths present, that *Frank Wilkinson*, late of said county, on the twentieth day of *March*, A. D. 1857, at *Porter* county, did unlawfully, falsely, fraudulently and feloniously, give, barter, sell, utter, publish, and put away to one *Joseph Jones*, a certain false, forged and counterfeit bank note, which said note was made in imitation of, and did

then and there purport to be a bank note for the sum of five dollars, issued by the *Farmers' Bank of Kentucky*, made payable to bearer on demand at their bank in *Princeton*, which said note is of the tenor following, to-wit:

| | |
|---|---|
| 5.  717. | 717.  5. |
| C. | C. |
| The *Farmers' Bank of Kentucky* will pay Five Dollars, at their bank in *Princeton*, to the bearer on demand. | |
| 5.  *Frankfort, Oct.* 1, 1856. | 5. |
| J. B. *Semple*, Cash. | John H. *Hanna*, Pres't. |
| *Toppan, Carpenter, Casilear & Co., Phila. & New York.* | |

"With intent to defraud the said *Joseph Jones*, and with intent to have the same put in circulation; the said *Frank Wilkinson* then and there well knowing the said note to be false, forged and counterfeit: against the peace and dignity of the state of *Indiana*, and contrary to the form of the statute in such cases made and provided.

"*Mark L. De Motte*, Pros. Att'y."

Two objections are taken to this indictment—

1. That it is uncertain.

2. That it does not charge an indictable offense.

The uncertainty is alleged to arise from the use of the word *said*, in the sentence immediately preceding the copy of the note given in the indictment. It is claimed that that word refers to the note last before mentioned; that that is the genuine note; and, hence, that the indictment charges the passing of a genuine, not a forged note.

Our statute enacts that "the words 'preceding' and 'following,' referring to sections in statutes, shall be understood as meaning the sections next preceding, or next following that in which such words occur, unless some other section is designated." 2 R. S. p. 339. It lays down no rule, so far as we have noticed, in relation to the use of the word *said*. We determine its reference, in any given case, by the sense. In the interpretation of a written instrument, *Kent* says that "the relative *same* refers to the next antecedent, though the word *said* does only when the plain meaning requires it." 2 Com. p. 555.

Applying this rule to the indictment before us, we have

May Term,
1858.

WILKINSON
v.
THE STATE.

no difficulty in deciding that it refers to the counterfeit note.

The objection to the sufficiency of the indictment in charging the offense is, that it does not aver that *Jones*, to whom the bill was passed, did not know that it was a counterfeit. But the objection is groundless. It was not necessary that the indictment should negative such knowledge.

The indictment was framed upon section 32, 2 R. S. p. 416. It contains the language of that section, and a part of that of the succeeding section, which creates a separate offense. But the language incorporated from the latter section is surplusage and does not vitiate the indictment. See *Dillon* v. *The State*, 9 Ind. R. 408.

The essence of the crime created by the 32d section is the intent to defraud by passing the counterfeit money.

The essence of the crime created by the 33d section is, the intent to have the counterfeit money disposed of—put in circulation.

Under this latter section, it is very clear that the want of knowledge of the character of the money on the part of the receiver, need be neither averred nor proved. Indeed, where a person (the manufacturer, for example,) was seeking to get counterfeit money put in circulation, he would be likely to select, as agents for the purpose, those who knew its character, and were skilled in such business.

Nor need the want of such knowledge necessarily be averred or proved in a prosecution under the 32d section; because the person passing the counterfeit money may not know that the receiver is aware that it is counterfeit, and hence may intend to defraud him, though such knowledge does exist; while the receiver, with such knowledge, may deem it advisable to take the money for the purpose of being able to prosecute and bring to justice the offender.

There may be another reason—though we decide nothing here upon this point. It is not clear that the intent to defraud must exist in reference to the person to whom the counterfeit money is passed. It may, perhaps, exist to-

wards third persons. A counterfeit bill may be disposed. May Term, of to one man for the purpose of a fraud to be perpetrated 1858. upon another. The statute does not specify against whom SHERRY the intent to defraud must exist; and perhaps an indict- v. PICKEN. ment, in the words of the statute, alleging the passage of the money with intent generally to defraud, would be good. It should be observed, however, that where the prosecutor does aver the intent to be to defraud a particular person, he will probably be held to proof of the averment.

*Per Curiam.*—The judgment is affirmed with costs.

*J. B. Niles*, for the appellant.

*M. L. De Motte*, for the state (1).

(1) Touching the word *said*, Mr. *De Motte* cited 1 Chit. Pl. pp. 238, 239; 2 Kent's Com. p. 719. Upon the second point in the case, he cited Whart. Prec. pp. 164, 165; 2 R. S. pp. 367, 368.