## SHINN v. THE STATE.

CRIMINAL LAW.—*Forgery.*—*Indictment.*—*Name.*—*Arrest of Judgment.*—An indictment for forgery charged the defendant with having uttered and published "as true, to one" A. B., "a certain false, forged and counterfeit promissory note for the payment of money," setting out a copy of a promissory note, payable to the defendant and purporting to be executed by one "'S. B. Skiner,' with intent to defraud one Solomon B. Skinner," etc.

*Held*, that it should have been alleged, and can not be inferred, that the person by whom such instrument purports to have been executed is the same person as the one whom it is alleged it was intended to defrau l, and that the indictment is therefore insufficient on motion in arrest.

SAME.—*Intent.*—Whether an indictment for forgery is for committing the original forgery, or for uttering the forged paper as true, the intent may be laid to be to defraud the person whose name has been forged.

From the Blackford Circuit Court.

*A. Steele* and *R. T. St. John,* for appellant.

*C. A. Buskirk,* Attorney General, for the State.

HOWK, J.—At the October term, 1877, of the court below, the appellant was indicted for forgery. Upon an arraignment and plea of not guilty, the appellant was tried by a jury, in the court below, and a verdict was returned, finding him guilty as charged in the second count of the indictment, and assessing his punishment at imprisonment in the state-prison for the term of two years, and a fine of five dollars.

The indictment was in two counts, but, by the verdict of the jury, the appellant was found not guilty as charged in the first count.

Our consideration of this cause will therefore be limited to the second count of the indictment against the appellant, and the proceedings had thereon in the court

Shinn v. The State.

below. Omitting introductory and formal matters, the second count of the indictment was as follows:

"And the grand jurors aforesaid, on their oaths aforesaid, do further present and charge, that the said Henry L. Shinn, afterwards, to wit, on the day and year aforesaid and at the county and State aforesaid, unlawfully and feloniously, did utter and publish as true, to one Henderson S. Moler, as agent and salesman of the firm of Charles A. Clouser and Company, composed of Charles A. Clouser and Henderson S. Moler, as partners of said firm, a certain false, forged and counterfeit promissory note for the payment of money, which said last mentioned false, forged and counterfeit note is of the tenor following, to wit, that is to say:

" '$148.00.  HARTFORD CITY, INDIANA, May 7th, 1877.

" 'Six months after date, for value received, I promise to pay H. L. Shinn, or order, at Sweetser & Matler's Bank, Hartford City, Ind., one hundred and forty-eight dollars, with interest at the rate of ten per cent. per annum after maturity and attorney fees, value received, without any relief whatever from valuation or appraisement laws; the drawers and endorsers severally waive presentment for payment, protest, and notice of protest and nopayment of this note, and all defences on the ground of any extension of the time of its payment that may be given by the holder or holders to them or either of them.

[Signed.]                                    " 'S. B. SKINNER.
" 'No. ——.  Due, ——————.'

" With intent to defraud one Solomon B. Skinner, he, the said Henry L. Shinn, then and there, at the time he so uttered and published the said last-mentioned forged promissory note, as aforesaid, well knowing the same to be false, forged and counterfeit, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

Upon the return of the verdict against him, the appel-

lant moved the court below, in writing, for a new trial; which motion was overruled, and to this decision the appellant excepted. And the appellant also moved the court, in writing, in arrest of judgment, and this motion having been overruled and appellant's exception saved thereto, judgment was rendered on the verdict.

In this court, the appellant has assigned the following: alleged errors of the court below:

1st. In overruling his motion for a new trial; and,

2d. In overruling his motion in arrest of judgment.

We will first consider and decide the questions presented by the second of these alleged errors. The appellant moved the court below in arrest of judgment in this cause, upon the following grounds:

" 1st. The second paragraph of said indictment is insufficient in this : that said paragraph does not state facts sufficient to constitute a crime by said defendant;

" 2d. Said paragraph does not aver or show, that the Solomon B. Skinner named in the indictment is the ' S. B. Skiner' whose name appears to the note ;

" 3d. Said paragraph does not aver or state, that the Solomon B. Skinner, who was intended to be defrauded, was the ' S. B. Skiner' whose name appears on the note alleged to be forged ;

"4th. The allegation, that the intent was to defraud Solomon B. Skinner, is insufficient. The allegation should have been, with intent to defraud Clouser & Moler."

It seems very clear to us, that the first three of these grounds for an arrest of judgment in this case were well assigned. It can not be inferred, either as matter of fact or of law, that Solomon B. Skinner was the person meant or intended by the name, " S. B. Skiner," which was subscribed to the note on which the charge of forgery was predicated. So far as mere inference can go, and that is all, apparently, that is relied upon in the second count of the indictment, it would be just as reasonable to infer that Stephen, Silas, Solon, Smith, Samuel

or Saul B. Skinner was the person meant or intended by the name, "S. B. Skiner," as to infer that Solomon B. Skinner was the person thereby meant and intended. Such a matter as this ought not, in our opinion, to be left to mere inference, in an indictment. It ought to be made certain and definite, by a positive averment of the fact. It seems to us, therefore, that when it was charged, in the second count of the indictment, that the appellant had uttered and published as true the promissory note set out therein, signed S. B. Skiner, "with intent to defraud one Solomon B. Skinner," it should also have been averred, in said second count, that said Solomon B. Skinner was the person meant and intended by the name, "S. B. Skiner," subscribed to said note. *Rex* v. *Barton,* 1 Moody, 141; Bicknell Crim. Pr. 360.

The law seems to be well settled, "that, whether the indictment is for committing the original forgery, or for passing the forged paper as good, the intent may be laid to be to defraud the person whose name is forged." 2 Bishop Crim. Procedure, sec. 422. But the difficulty with the second count of the indictment, in the case at bar, is this : that while the intent is therein laid to be, "to defraud one Solomon B. Skinner," yet it is not averred, in said second count, that his name is the name that was forged, and this fact, if it be the fact, could not even be inferred, with any certainty, from the name signed to the alleged forged note.

For the reasons given, the second count of the indictment, in this case, was radically and fatally defective ; and, therefore, we hold that the court below erred, in overruling the appellant's motion in arrest of judgment. This conclusion will render it unnecessary for us to consider and decide the questions presented by the first alleged error.

The judgment of the court below is reversed, and. the cause is remanded, with instructions to sustain the appellant's·motion in arrest of judgment, and for further pro-

ceedings; and the clerk of this court will issue notice to the warden of the proper prison to return the appellant to the custody of the sheriff of Blackford county.