## YOUNT v. THE STATE.

CRIMINAL LAW.—*Forgery.—Indictment.*—An indictment for the forgery of a promissory note payable to and endorsed by one " E. J. Schweitzer," as appeared by copies of the note and endorsement set out in the indictment, alleged that the forgery was committed by the defendant "with intent to defraud one Emily J. Schweitzer."

*Held,* that the indictment is insufficient.

SAME.— *Verdict.—Acquittal.*—A verdict of guilty as charged in one of two counts in an indictment, alleging, respectively, the forgery of a promissory note, and the utterance of the same, is equivalent to an acquittal on the other count.

From the Montgomery Circuit Court.

*R. B. F. Peirce,* for appellant.

*T. W. Woollen,* Attorney General, for the State.

NIBLACK, J.—This was a prosecution for forgery. The indictment contained two counts. The first charged the forgery of a promissory note ; the second the uttering and the publishing of the note thus forged.

The defendant entered separate motions to quash each count of the indictment, but his motions were both overruled.

The jury trying the cause found the defendant guilty as charged in the first count, and he was sentenced to pay a fine of one dollar, and to be imprisoned in the state-prison for the term of two years.

The first count of the indictment, omitting some cancelled endorsements, and some immaterial memoranda upon the note set out in it, was as follows :

"The grand jurors of Montgomery county, in the State of Indiana, good and lawful men, duly and legally empanelled, sworn and charged in the Montgomery Circuit Court of said State, at the February term, for the year 1878, to inquire into felonies and certain misdemeanors in and for the body of said county of Montgomery, in the name and by the authority of the State of Indiana, on their oaths do present that one James Yount, late of said county, on the 13th day of November, A. D. 1876, at said county and State, did then and there unlawfully, feloniously and falsely forge and counterfeit a certain promissory note for the payment of money ; which said forged and counterfeit note is as follows :

" ' No. —— November 13th, 1876.

" 'Six months after date, we promise to pay to the order of E. J. Schweitzer, at Crawfordsville, Ind., one hundred and ninety-eight dollars; value received, without an y relief whatever from valuation or appraisement laws ; with interest at the rate of ten per cent. per annum after maturity. The drawers and endorsers severally waive presentment for payment, protest and notice of protest, and nonpayment of this note.

" ' James Yount,
" ' James S. Shalley,
" ' Cirus F. Shalley.'

" The following endorsements appear on the back of said note, which said entries were made after the execution of said notes, to wit; '* * * E. J. Schweitzer, F. Schweitzer, * * *,' with intent to defraud one Emily J. Schweitzer, contrary to the form of the statutes made and provided, and against the peace and dignity of the State of Indiana."

The appellant contends that this count of the indictment

was bad, because its averments did not show that Emily J. Schweitzer, the person intended to be defrauded by the alleged forgery, had any interest in, or was in any manner apparently a party to, the forged note; that, in the absence of proper averments to that effect, it can not be inferred that E. J. Schweitzer, the alleged payee of the forged note, was the same person referred to as Emily J. Schweitzer, in describing the person the appellant had the intention to defraud; that, in these respects the count before us falls within the rule laid down in the case of *Shinn* v. *The State*, 57 Ind. 144.

We think the objections to this count, thus urged by the appellant, are well supported by the general rules of good pleading in criminal cases, and are sustained in principle by the case of *Shinn* v. *State*, referred to as above.

We are of the opinion, that, in cases of this kind, the averments in the indictment ought to show the person intended to be defrauded to have some apparent interest in, or connection with, the forged note, or to have stood in some relation to the note by which he might, as a natural result, be injuriously affected by the alleged forgery.

We have therefore come to the conclusion, that the court erred in refusing to quash the first count of the indictment, upon which the appellant was convicted.

As the appellant was, in legal effect, acquitted of the charge preferred against him in the second count, we need not consider the sufficiency of that count. *Bittings* v. *The State*, 56 Ind. 101.

The judgment is reversed, and the cause remanded, with instructions to the court below to sustain the motion to quash the first count of the indictment.

The clerk will give the proper notice for the return of the prisoner.