## THE STATE *v.* SIMPSON ET AL.

[No. 20,703. Filed January 9, 1906. Rehearing denied February 21, 1906.]

1. LIMITATION OF ACTIONS.—*Forgery.*—*Commencement of Prosecution.*—*What is.*—Where defendants were charged, on June 13, 1904, before a justice of the peace, with the forgery of certain notes on August 30, 1902, and were arrested and recognized by such justice to appear at the next term of the circuit court, and on October 10, 1904, defendants were charged, in the circuit court, by affidavit and information, with the same offense, the two-year statute of limitations (§1665 Burns 1901, §1596 R. S. 1881) is no defense, since such prosecution was commenced by the issuance of the warrant before the justice. p. 212.

2. INDICTMENT AND INFORMATION. — *Amendments.* — *Statutes.*— Under §1804 Burns 1901, §1735 R. S. 1881, an information, and the affidavit upon which it is based, may be amended in form or substance before the defendant pleads thereto, and such amendment, or the quashing of the former affidavit or information, does not terminate the prosecution nor discharge the defendant. p. 214.

3. EVIDENCE.—*Judicial Notice.*—*Court Records.*—Courts take judicial notice of the court records in a pending case. p. 215.

4. INDICTMENT AND INFORMATION. — *Repugnance.* — *Names.* — Where an affidavit charges defendants with forging a note to defraud the estate of "William Baxter," and the information charges the forging of such note to defraud the estate of "said William ·Baxter, Sr.," it sufficiently appears that such names indicate the same person and there is no repugnance, the appellation "Sr." being merely descriptive and requiring no proof. *Shinn* v. *State*, 57 Ind. 144, and *Yount* v. *State*, 64 Ind. 443, distinguished. pp. 216, 217.

From Putnam Circuit Court; *Presly O. Colliver*, Judge.

Prosecution by the State of Indiana against Benjamin Simpson and another. From a judgment quashing the affidavit and information, the State appeals. *Reversed.*

*Charles W. Miller*, Attorney-General, *C. C. Hadley*, *L. G. Rothschild*, *W. C. Geake* and *C. G. Scofield*, for the State.

*George A. Knight*, for appellees.

MONTGOMERY, J.—On June 13, 1904, an affidavit in three counts was filed with a justice of the peace of Clay county, charging that on August 30, 1902, appellees (1) uttered, published and passed to the clerk of the Clay Circuit Court certain forged notes; (2) uttered, published and passed to Edward C. Schuetz, as administrator of the estate of William Baxter, Sr., deceased, the same forged notes; and (3) that on August —, 1902, appellees forged and counterfeited said notes—to defraud the estate of William Baxter. A warrant was issued upon this affidavit, and appellees were arrested thereon and brought before the magistrate. The hearing was fixed for June 18, but on that date was, by agreement, postponed until August 2. Upon the hearing appellees were found probably guilty as charged, and required to enter into a recognizance for their appearance at the next term of the Clay Circuit Court. On the first day of the next term of said court the prosecuting attorney filed an information in three counts, based upon an affidavit of the same affiant, but taken before the clerk of the court on October 10, 1904, and containing the same charges as the original affidavit. Appellees thereupon filed their motion and affidavit for a change of venue, which was sustained, and the venue of the cause changed to the Putnam Circuit Court. In the latter court appellees' counsel submitted a motion to quash each count of the affidavit and information, which was sustained, and to this decision the State excepted, and prayed an appeal to this court. The assignment of errors requires us to determine the sufficiency of each count of the affidavit and information.

It is first insisted that the affidavit and information show that the prosecution of the offense charged is barred by the statute of limitations. The statute applying to this case reads as follows: "In all other cases, prosecution for an offense must be commenced within two years after its commission." §1665 Burns 1901, §1596 R. S. 1881.

In Bishop, Stat. Crimes (3d ed.), §261, the learned author, after a discussion of the subject, says: "It is believed to be the general understanding in our tribunals that a criminal prosecution is begun when a complaint is made to a magistrate who issues his warrant of arrest." This conclusion is fully sustained by an exhaustive collection of decided cases. In the case of *State* v. *Miller* (1851), 30 Tenn. *505, in construing a statute similar to ours, it was said: "The circuit court, regarding the time when the indictment was found, to be the commencement of the prosecution, within the meaning of the act, quashed the indictment, from which judgment the attorney-general in behalf of the state, appealed in error to this court. We are of opinion, his honor, the circuit judge, erred in his construction of the statute. When it provides, that 'all prosecutions by representment or indictment for misdemeanors shall be commenced within twelve months,' we understand the legislature to refer to the commencement of the prosecution, and not to the finding of the indictment. The warrant, apprehension, and requiring bail for the appearance of the party at the circuit court, certainly constituted a 'prosecution' of the offender, and of this prosecution the warrant is the commencement. The indictment is the method by which the issue is made up, on which the party is to be tried. It is a prosecution, therefore, 'by indictment,' although the prosecution is commenced by warrant. The meaning is, that prosecutions for misdemeanors, the trial of which must be by presentment or indictment, shall be commenced in twelve months. The limitation refers to the commencement of the prosecution, and not to the finding of the indictment."

In the case of *State* v. *Erving* (1898), 19 Wash. 435, upon this question the court said: "But counsel is mistaken in the assumption that the prosecution of this case was not commenced within three years after the alleged commission of the crime, viz., July 11, 1894. From the

record and the briefs of counsel it sufficiently appears that the defendant was arrested on June 22, 1897, and had a preliminary examination before a justice of the peace upon this very charge. That examination resulted in his being held for trial in the superior court, and was the commencement of the prosecution within the meaning of the statute."

In the case of *State* v. *Howard* (1868), 15 Rich. (S. C.) 274, 282, it was said: "The complaint made to a magistrate is a commencement of a prosecution sufficient to arrest the act of limitation." Citing *State* v. *Fraser* (1797), 2 Bay (S. C.) 96; *State* v. *James* (1799), 2 Bay (S. C.) 215; *State* v. *May* (1802), 1 Brev. (S. C.) *160.

In *Ross* v. *State* (1876), 55 Ala. 177, it was held that the court properly charged the jury that in case of petit larceny, if a warrant for the arrest of the defendant was issued and returned by a proper officer, within twelve months after the commission of the offense, then the statute of limitations of twelve months would be no bar. See, also, *Molett* v. *State* (1859), 33 Ala. 408, 412; *Commonwealth* v. *Christian* (1850), 7 Gratt. 631; *Newell* v. *State* (1816), 2 Conn. 38; *Rex* v. *Willace* (1797), 1 East P. C. 186. The courts of last resort in the states of Nebraska, California, Missouri and Florida have rendered decisions seemingly in conflict with the result reached in the cases above cited. The difference, however, is readily explained by an examination of the language of the statutes of limitation of those states.

A comparison of the affidavits filed before the justice of the peace and in the circuit court discloses some slight amendments. Such amendments are expressly authorized as a matter of right at any time before the defendant pleads, and upon being made the affidavit must be sworn to. §1804 Burns 1901, §1735 R. S. 1881. The making of such amendments in this case did not operate to terminate the prosecution and discharge the defendants from custody. The quashing of an affidavit and in-

formation or an indictment does not *ipso facto* terminate a prosecution, but the court is required in such event to hold the defendant upon his recognizance, unless it should be "of the opinion that the objection can not be avoided by a new indictment or by a new amended information and affidavit." §1829 Burns 1901, §1760 R. S. 1881.

It is clearly shown that the proceedings before the justice of the peace were had within two years after the commission of the alleged offense, and such proceedings constituted the commencement of this prosecution. It is further shown that appellees having been thus brought into the custody of the court were not discharged therefrom until after the ruling quashing each count of the affidavit and information. The proceeding was accordingly continuous, and the prosecution not terminated by the filing of an amended or substituted affidavit, charging the same offenses. The circuit court takes judicial knowledge of the facts disclosed by the record in any given case, and it was therefore manifest that this prosecution was commenced within two years from the alleged time of the commission of the offense, and was not barred by the statute of limitations.

3.

Counsel for appellees cites the cases of *Gardner* v. *State* (1903), 161 Ind. 262, and *Hoover* v. *State* (1887), 110 Ind. 349, in support of the contention that this prosecution is barred by the statute. The case of *Gardner* v. *State, supra,* decided only that a prosecution begun in the circuit court by indictment will be deemed to have been commenced from the time such indictment is returned into court by the proper grand jury. In the case of *Hoover* v. *State, supra,* it was held that the filing of an affidavit, and an information based thereon, with the clerk of the circuit court in vacation constituted the commencement of a prosecution as against a defendant in custody at the time. These cases in no way conflict with the conclusion above announced.

It is next insisted that there is such repugnance between each count of the affidavit and the corresponding count of the information as to make the same fatally defective; and, also, that there is manifest repugnance in the allegations of each count of the affidavit without reference to the information. The first count of the affidavit charges that appellees uttered certain forged notes to the clerk of the Clay Circuit Court as a claim against the estate of William Baxter, deceased, to defraud the estate of said William Baxter, and the count of the information based thereon makes the same. charge, but concludes with the allegation that it was to defraud the estate of said William Baxter, Sr. The sum of the objection is that in various parts of the affidavit and information William Baxter and William Baxter, Sr., are used as interchangeable terms. A like objection was urged on appeal in the case of *Geraghty* v. *State* (1887), 110 Ind. 103, and held to be untenable. It was expressly decided in *Allen* v. *State* (1876), 52 Ind. 486, that the word "senior" or "junior" added to the name of a person referred to in an indictment is mere matter of description, constituting no part of the name, and need not be proved when proof of the name is necessary. We are satisfied with the doctrine declared in those cases, and, notwithstanding the strict rules applicable to pleadings in cases of the class to which this belongs, find no sufficient reason to require or justify a different holding. It follows that the alleged repugnance was immaterial, and the objection founded thereon untenable.

The third objection urged is that it does not sufficiently appear that the person whose name was signed to the notes and the person to be defrauded are one and the same. This contention is primarily founded upon the use of the letters "Sr.," and is disposed of by the principle and authorities which we have followed in overruling appellees' second objection.

It is finally argued that the filing of an affidavit before a justice of the peace charging the commission of a felony is not the commencement of a prosecution, since a justice of the peace has no authority or power to try such offenses. We have already considered this question, and it is our conclusion that the jurisdiction of a justice of the peace over felonies committed in his county is such that when an affidavit is filed with him charging the offense, a warrant is issued thereon, and the defendant taken into custody, a prosecution will be regarded as commenced within the meaning of our statute of limitations.

The court below erred in quashing each count of the affidavit and information, and the judgment is reversed, with directions to overrule appellees' motion to quash as to each count of the affidavit and information, and for further proceedings.

## On Petition for Rehearing.

Montgomery, J.—Counsel for appellees earnestly insists that the charge in this case does not show with required certainty that the person intended to be defrauded is the one whose name is alleged to have been forged; and, in support of this contention, cites, *Shinn* v. *State* (1877), 57 Ind. 144, and *Yount* v. *State* (1878), 64 Ind. 443.

4.

In the first case mentioned the accused was charged with having uttered a forged note purporting to have been executed by "S. B. Skinner," with intent to defraud "one Solomon B. Skinner," and upon appeal this court said: "It can not be inferred, either as a matter of fact or of law, that Solomon B. Skinner was the person meant or intended by the name 'S. B. Skinner,' which was subscribed to the note on which the charge of forgery was predicated. So far as mere inference can go, and that is all, apparently, that is relied upon in the second count of the indictment, it would be just as reasonable to infer that Stephen, Silas, Solon, Smith,

Samuel or Saul B. Skinner was the person meant or intended by the name, 'S. B. Skinner,' as to infer that Solomon B. Skinner was the person thereby meant and intended. Such a matter as this ought not, in our opinion, to be left to mere inference in an indictment."

In the case of *Yount* v. *State, supra,* the defendant was charged with having forged a note payable to "E. J. Schweitzer" and having the indorsement "E. J. Sweitzer," with intent to defraud one "Emily J. Schweitzer," and this court, upon the authority of the case of *Shinn* v. *State, supra,* held the indictment insufficient.

It is a well-settled principle of criminal pleading, that the full Christian and surname of persons mentioned should be given, unless the same are averred to be unknown. *Gardner* v. *State* (1853), 4 Ind. 632; *Zellers* v. *State* (1856), 7 Ind. 659; *Gordon* v. *State* (1877), 59 Ind. 75; *Burton* v. *State* (1881), 75 Ind. 477. It is evident that the decision in the cases cited in behalf of appellees rested primarily, if not wholly, upon that principle; and, consequently, it was held that the identity of persons was not sufficiently shown in the indictment by the use merely of initial letters of the Christian name.

The charge in the case under consideration is wholly different. In the first and second counts of the information the name appearing to the alleged forged notes is "William Baxter, Sr.," and it is averred that the notes were uttered with intent to defraud "the estate of said William Baxter, Sr." In the third count the notes purport to have been signed by "William Baxter," and it is charged that they were forged with intent to defraud "the estate of William Baxter, now deceased." The cases cited are not decisive of the question before us. The identity of name in the present charge is exact, and it requires no presumption or inference to justify the belief that but one person by that name was mentioned. It is only by indulging in speculative doubts that we may become fairly uncertain whether the pleader

Vandalia R. Co. v. State, ex rel.—166 Ind. 219.

had in mind two persons of the same name, or only one. We are of opinion that the affidavit and information are sufficiently certain in this respect.

The petition for a rehearing is overruled.