EL PUEBLO DE PUERTO RICO, demandante y apelado,
v. ENRIQUE BÁEZ, acusado y apelante.

No. 3642.—*Sometido:* Enero 24, 1929. *Resuelto:* Julio 23, 1929.

*Enrique Báez García* y *R. Rivera Zayas,* abogados del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

El 8 de septiembre de 1927 fué presentada denuncia en la Corte Municipal de Mayagüez contra el apelante imputándole un delito menos grave como realizado por él en 20 de septiembre del año anterior. Fué condenado en la corte municipal y también en la corte de distrito al conocer de esa denuncia en grado de apelación, y en el recurso de apelación que ha interpuesto para ante nosotros contra la última de esas sentencias alega como primer motivo para sostenerlo que la corte inferior cometió error de derecho al declarar sin lugar su moción para que se archivara la causa por haber prescrito la acción.

Como se ve por las fechas al principio consignadas la denuncia fué presentada doce días antes de que transcu-

rriera el año que el artículo 79 del Código Penal fija como término para la prescripción de los delitos menos graves (*misdemeanor*), pero el apelante sostiene que ese término de la prescripción no se interrumpe por la sola presentación de la demanda sino desde que el denunciado es citado para juicio, o desde que es arrestado y que no habiendo sido él citado para juicio hasta el 22 de octubre de 1927, siendo arrestado algunos días después, la acción penal ejercitada en este caso prescribió.

El artículo 79 del Código Penal dice lo siguiente:

"La acción penal por cualquier '*misdemeanor*' deberá entablarse dentro del año de su comisión."

En el texto inglés dice así:

"The prosecution for any misdemeanor must be commenced within one year after its commission."

Delitos *misdemeanor* son los delitos menos graves, según el artículo 13 del mismo código.

La cuestión suscitada por ese motivo de error ha sido tratada por este Tribunal en el caso de *El Pueblo* v. *Capestany*, 37 D.P.R. 586, considerando el artículo 78 de dicho código con respecto a delitos graves, que en español y en inglés usa las mismas palabras que el artículo 79, con la sola diferencia de que en esos delitos el término de prescripción es de tres años, excepto en casos de asesinato o falsificación de documentos públicos. En el caso citado de Capestany el arresto del acusado fué hecho antes de transcurrir los tres años de prescripción de la acción criminal pero la acusación fué presentada después de ese tiempo, y después de considerar detenidamente la cuestión de prescripción que en él se alegó este Tribunal dijo entre otras cosas lo siguiente: "Si el arresto no se hubiese decretado entonces sería la presentación de la acusación la que debería tomarse en cuenta." En el presente caso no aparece si hubo arresto previo a la presentación de la demanda y por tanto con la presentación de la misma antes de transcurrir un año desde

la comisión del delito quedó interrumpida su prescripción, porque ése fué el primer paso para su persecución.

Entablar o comenzar una acción es dar el primer paso para su ejercicio y para traer a otra persona ante un tribunal de justicia. En los asuntos civiles la presentación de la demanda interrumpe el término de la prescripción e igual efecto produce en lo criminal la presentación de la acusación o de la denuncia, si antes no se ha hecho el arresto. Como se dijo en el caso de *State* v. *Simpson,* 76 N.E. 544, por la Corte Suprema de Indiana, según se cita en el caso de Capestany, *supra:* "La denuncia es la forma mediante la cual surge la controversia por que se juzga al acusado. Por tanto, es un proceso seguido por virtud de denuncia, a pesar de que el proceso se comienza mediante la orden de arresto. Lo que esto significa es que las acciones penales por delitos de *misdemeanor,* que deban comenzarse mediante denuncia o acusación, deberán entablarse dentro de doce meses". Y en el caso de *State* v. *Howard,* 15 Rich. Law, 274, 282, de la Corte de Apelaciones de Carolina del Sur, citado también en el de Capestany, se dijo: "La denuncia presentada a un magistrado equivale al comienzo del proceso e interrumpe la prescripción." Y se citan varios casos. De acuerdo, pues, con nuestro estatuto el término de prescripción en Puerto Rico quedó interrumpido en este caso con la presentación de la denuncia y no desde la citación para el juicio como alega el apelante porque el término de prescripción se interrumpe por la voluntad del denunciante al presentar su denuncia, que es el comienzo de una acción, y no por la voluntad de otra persona más o menos diligente en hacer una citación o un arresto. Si el legislador hubiera querido que fuera la citación o el arresto lo que interrumpiera el término de prescripción así lo hubiera dicho claramente y no hubiera escrito que era el entablar o comenzar una acción. En cuanto al arresto se dice en 16 C. J. 231 que no es parte del comienzo de una acción.

Antes de terminar el asunto que tratamos queremos decir que podíamos haber prescindido de resolver ese primer motivo de error porque en estos autos no hay constancia de la fecha en que el apelante fué citado para juicio ni de la en que fué arrestado, excepto la sola manifestación del apelante, no jurada, hecha en la moción que presentó solicitando el archivo de la causa por estar prescrita la acción criminal establecida contra él.

En el segundo motivo se alega como error el haber sido declarada sin lugar la excepción perentoria interpuesta contra la denuncia porque los hechos que se alegan no imputan la comisión de un delito público.

La denuncia presentada en la corte municipal dice así:

"Yo, José R. Gelpí, Fiscal del Distrito, vecino de Mayagüez, P. R., calle Méndez Vigo No. 112, de cincuenta años, formulo denuncia contra Enrique Báez, por delito de infracción del artículo 92 del Código Penal, en relación con la ley ordenando a los secretarios y marshals de las cortes de distrito y municipales de Puerto Rico para que depositen todos los fondos oficiales en instituciones bancarias, aprobada en 12 de marzo de 1908 (*misdemeanor*) cometido de la siguiente manera: El citado acusado Enrique Báez, siendo Secretario de la Corte de Distrito del Distrito Judicial de Mayagüez, P. R., y en el ejercicio de su cargo, recibió en Mayagüez y del Marshal de la Corte de Distrito de Mayagüez, allá en o por el día 20 de septiembre de 1926, la cantidad de mil dólares, importe de una venta judicial en el pleito civil de dicha corte No. 11919, y dicho Enrique Báez intencional y voluntariamente omitió depositar inmediatamente después de haberla recibido la expresada suma en la institución bancaria designada para depositar los fondos percibidos por dicho Enrique Báez como Secretario de la Corte de Distrito de Mayagüez etc.''

Dice el apelante que los hechos de esa denuncia no son constitutivos de delito porque siendo el Código Penal anterior a la ley con la cual se relaciona en este caso no podía prever hechos que entonces no podían existir.

El artículo 92 del Código Penal dispone lo siguiente:

"Toda omisión voluntaria en el cumplimiento de un deber impuesto por la ley a algún funcionario público o persona que desem-

peñe cualquier cargo de confianza o empleo público, de no existir alguna disposición especial señalando el castigo correspondiente a dicha omisión, se penará como *'misdemeanor.'* "

Ese precepto es tan general que no se refiere solamente a omisiones de deberes legales impuestos cuando el código fué publicado sino a tales deberes impuestos en cualquier tiempo por lo que es aplicable a la ley con la cual se relaciona la denuncia, aun siendo ella, como es, posterior al código. Es cierto, como dice el apelante, que la ley de 12 de marzo de 1908 ordenando a los secretarios que depositen en instituciones bancarias los fondos oficiales que recibieren no tiene sanción penal, pero esto no era necesario porque el Código Penal en el artículo citado contiene disposición general para castigar a los funcionariois públicos que omitieren voluntariamente el cumplimiento de un deber impuesto por la ley.

Asimismo es cierto que dicha ley no contiene en su texto español disposición alguna de que tales fondos sean depositados inmediatamente, por estar suprimida en él un párrafo que tiene dicha ley en inglés sobre ese particular, pero en 1908, que es la fecha de esa ley, existía el Consejo Ejecutivo, una de cuyas funciones era actuar como senado legislador y entonces las leyes eran aprobadas en inglés y por tanto dicha ley en inglés es la que hay que tener en cuenta en este caso.

Dice además el apelante que la denuncia es insuficiente también porque no dice cuál es la institución bancaria en que los fondos debían ser depositados, pero esto no era necesario siendo suficiente que la denuncia dijera que no habían sido depositados en la institución bancaria designada para tal fin. Si al denunciado interesaba que se le dijera cuál era la institución bancaria, pudo solicitar que se hiciera tal especificación.

El tercer motivo se funda en que la corte se negó a eliminar cierta prueba del fiscal.

Se probó en el juicio por el fiscal que al recibirse en la

Corte de Distrito de Mayagüez los autos en apelación de este caso y de otros dos contra el apelante iban acompañados de recibos firmados por el apelante, uno de ellos por los mil dólares a que se refiere esta denuncia y que al día siguiente desaparecieron del tribunal; y presentó después prueba secundaria oral para demostrar que el apelante suscribió dicho recibo en la fecha y por el concepto indicado; pero el apelante sostiene como fundamento de su alegado error que esa prueba oral secundaria no era la mejor sino la copia en papel carbón de dicho recibo que debe existir en la secretaría del tribunal, pero no conocemos ley alguna, ni se nos cita, que disponga que debe hacerse tal copia en papel carbón de los recibos que firme el secretario, ni ha habido prueba de que se exigía por algún reglamento decretado por autoridad competente. Además, se probó que en el libro de caja del Secretario-apelante hay un asiento de su puño y letra de haber recibido dicha cantidad en 20 de septiembre de 1926.

En el quinto motivo dice el apelante que fué error de la corte declarar que la palabra "inmediatamente" es innecesaria y puede ser eliminada de la denuncia. Hemos dicho antes que esa palabra está en el texto inglés de la ley y que por la fecha en que fué publicada debe prevalecer sobre el texto en español. Pero esa declaración de la corte aunque fuera errónea no perjudicaba al apelante sino más bien lo beneficiaba porque tendía a quitar el aspecto perentorio de hacer una entrega inmediata.

Hay cuatro motivos que pueden ser resueltos conjuntamente porque todos se refieren a la prueba. Dicen así:

"IV. La corte cometió error al declarar sin lugar la moción de *nonsuit* presentada por el acusado durante la vista de la causa.

"\* \* \* \* \* \* \* \*

"VII. La corte cometió error e incurrió en pasión, prejuicio y parcialidad contra el acusado al apreciar la prueba en el caso.

"VIII. La corte cometió error al condenar al acusado sin que hubiera prueba de que el acusado actuara con intención y negligencia criminal.

"IX. La corte cometió error e incurrió en pasión, perjuicio y parcialidad al dictar sentencia en contra del acusado."

Se probó en el juicio que siendo el apelante Secretario de la Corte de Distrito de Mayagüez recibió como depósito del márshal de dicha corte el 20 de septiembre de 1926 la cantidad de mil dólares, producto de la venta en subasta de los bienes de unos menores: Que en 5 de octubre del mismo año, fecha en que el investigador del Departamento de Auditoría comenzó una investigación en las cuentas del secretario, esta cantidad no estaba depositada por el apelante en los bancos Royal del Canadá, Comercial de Puerto Rico y American Colonial, en cuyas sucursales de Mayagüez ingresaba dicho secretario los fondos que recibía, aunque no hubo prueba de que éstos fueran los bancos designados para tal fin por la corte; que ese dinero fué ingresado después de hecha la investigación y que no estaban en la caja del secretario cuando el investigador empezó su trabajo, pues sólo había entonces en ella la cantidad de $371.87.

En vista de esos hechos, de que a los quince días de recibido el dinero por el apelante no lo había ingresado en los bancos donde hacía sus depósitos ni los tenía en su caja al comenzar la investigación de sus cuentas en 5 de octubre de 1926, tenemos que llegar a la conclusión con vista de la prueba del fiscal que la corte inferior no cometió los tres errores mencionados pues diciendo la ley que los secretarios deben ingresar inmediatamente en los bancos los fondos oficiales que reciban, tales depósitos deben ser hechos tan pronto como sea posible dentro de las circunstancias de cada caso, y lo mismo sería aunque la ley no dijera "inmediatamente", como sucede en el texto español, pues es lógico deducir que al disponer la ley que se hagan esos depósitos debe entenderse que deben ser hechos lo más pronto posible y no al capricho del secretario.

En cuanto a que no se probó que la corte hubiera designado determinada institución bancaria para hacer los depósitos como dispone la ley, esto carece de importancia pues

la costumbre seguida por el apelante sin oposición de la corte fué hacer los depósitos en esos tres bancos y tal cosa puede considerarse como una designación tácita de la corte.

Réstanos el sexto motivo del recurso fundado en que la corte inferior estimó erróneamente que el delito imputado en este caso está definido en la ley de 1908 a que hemos hecho referencia. No existe tal error pues en verdad dicha ley impone a los secretarios el mencionado deber y por tanto ahí está definida la obligación que tienen cuya omisión castiga el Código Penal.

*La sentencia apelada bebe ser confirmada.*