SANDRA L. DARNELL *v.* STATE OF INDIANA.

[No. 670S134. Filed January 17, 1972.]

*J. Byron Hayes, Hayes & Hayes,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Lon D. Showley,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted of forgery under Acts of 1905, ch. 169, § 676, 1956 Repl. Burns Ind. Stat. Ann. § 10-2102, I.C. 1971, 35-1-124-1, in that she fraudulently used a credit card without the authorization of the owner and signed the owner's name to the credit instrument prepared in reliance upon said credit card. The statute under which the defendant was charged by affidavit is as follows:

"Forgery.—Whoever falsely makes, or assists in making, defaces, destroys, alters, forges, counterfeits, prints or photographs, or causes to be falsely made, defaced, destroyed, altered, forged, counterfeited, printed or photographed, any record or authentic matter of a public nature, deed, will, codicil, lease, bond, covenant, writing obligatory, bank bill or note, check, bill of exchange, or any acceptance or indorsement of any bill of exchange, promissory note for the payment of money or other property, or any post

note, acquittance or receipt either for money or property, or any acquittance, release or discharge of any debt, account, action, suit, demand or other thing, real or personal, or any order, warrant or request for the payment of money, or any auditor's warrant, treasury note, county order, city order, indorsement of any promissory note, draft, or order or assignment of any bond, writing obligatory, or promissory note for money or property, or any order or draft for the payment of money or property, or any lawful brand on a tobacco leaf, bacon or pork cask, lard keg or barrel, salt barrel or hay bale, or any ticket, check, order, coupon receipt for fare or pass, printed, written, lithographed or engraved, issued by any railroad or other transportation company or by the manager, lessee, agent or receiver thereof, or any plat, draft or survey of land, or transfer or assurance of money, stock, goods, chattels, or other property whatever, or any letter of attorney, or any power or authority to receive money, or to receive and transfer stock or annuities, or to let, lease, dispose of, alien or convey any goods or chattels, lands or tenements, or other estate, real or personal, certificate of a justice of the peace or other public officer, or any other instrument in writing, with intent to defraud any person, body politic or corporate, or utters or publishes as true any such instrument or matter, knowing the same to be false, defaced, altered, forged, counterfeited, falsely printed or photographed, with intent to defraud any person, body politic or corporate shall, on conviction, be imprisoned in the state prison not less than two [2] years nor more than fourteen [14] years, and fined not less than ten dollars [$10.00] nor more than one thousand dollars [$1,000]."

The affidavit charging the defendant, omitting its formal parts, is as follows:

"Defendant, Sandra L. Darnell did then and there unlawfully, feloniously, fraudulently and knowingly utter, publish and pass, endorse and deliver to Meyers and McCarthy, Inc., as true and genuine, a certain false, forged and counterfeit credit sales invoice for certain merchandise, to wit: one pair of men's slacks of the value of Twenty-Five Dollars ($25.00) and said pretended credit sales invoice purporting to have been made and executed by one Robert D. Taylor in favor of Meyers and McCarthy, Inc., which said false, forged and counterfeit credit sales invoice is of the following tenor, viz:

Midwest Bank Card

| Quan. | Description | | | Sales Slip Amount |
|---|---|---|---|---|
| 1 | Pr. Slax | | | 25.00 |
| Dept. 2 | | | Subtotal | 25.00 |
| 1809391 | Sales Clerk Hind #7 | | Tax | 50 |
| 12/24/68 | | | | 25.50 |

s/
Robert D. Taylor
815 Division

with intent then and there and thereby feloniously, falsely and fraudulently to defraud the Indiana Bank and Trust Company, then and there well knowing the said credit sales invoice to be false, forged and counterfeit, being contrary to the form of the statute in such case made and provided."

The motion to correct errors asserts (1) that the verdict of the jury is not sustained by sufficient evidence and (2) that the verdict of the jury is contrary to law.

When the sufficiency of the evidence is raised on appeal, this Court will consider only that evidence most favorable to the State, together with all logical and reasonable inferences which may be drawn therefrom. *Fuller* v. *State* (1971), 256 Ind. 681, 271 N. E. 2d 720; *Gibson* v. *State* (1971), 257 Ind. 23, 271 N. E. 2d 706; *Lambert* v. *State* (1969), 252 Ind. 441, 249 N. E. 2d 502.

The conviction will be affirmed if, from that viewpoint, there is substantial evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Fuller* v. *State, supra; Gibson* v. *State, supra; Taylor* v. *State* (1971), 256 Ind. 170, 267 N. E. 2d 383.

This Court, on appeal, will not weigh the evidence or determine the credibility of witnesses. *Fuller* v. *State, supra; Rusher* v. *State* (1971), 256 Ind. 520, 270 N. E. 2d 748; *Sanchez* v. *State* (1971), 256 Ind. 140, 267 N. E. 2d 374.

Reviewing the evidence most favorable to the State, together with all logical and reasonable inferences which may be drawn therefrom, we find that the defendant had in her possession

a bank credit card issued to the prosecuting witness, Robert D. Taylor, by the Indiana Bank and Trust Company, and that she presented it to a retail store clerk and signed Taylor's name to the credit instrument prepared by the clerk in reliance upon the credit card, as payment for merchandise purchased. The prosecuting witness testified that his credit card had been lost, that he was not acquainted with the defendant and had not authorized her to use the credit card. The defendant admitted the use of the credit card but testified that such use had been authorized by the prosecuting witness in return for sexual favor extended to him. It is her contention that in view of her testimony of sexual favors the uncorroborated testimony of the prosecuting witness is weakened to such point as to be insufficient to sustain the verdict of the jury. This is a novel approach and one that we cannot accept. Clearly it was within the exclusive province of the jury to determine which of the conflicting testimony it would believe and which it would disbelieve.

Under the heading of insufficiency of the evidence, the defendant refers to "special proof problems" and "gaps in the prosecution's case" with reference to the allegation in the affidavit of Defendant's intent to defraud the Indiana Bank and Trust Company and a variance in the proof with regard to a person or firm to be defrauded. This is essentially the same question as Defendant presents under the specification that the verdict is contrary to law and will be discussed under that specification.

It is the defendant's contention hereunder that when it is alleged that forgery is committed to defraud a particular person, that allegation must be proven and that proof that, in fact, a person or firm other than the ones specified would suffer the loss will not suffice. In support of this proposition, Defendant cites the following cases: *Wilkinson* v. *State,* 10 Ind. 372, *Shinn* v. *State* (1877), 57 Ind. 144.

In the *Shinn* case, *supra,* the appellant was charged with uttering to the firm of Charles A. Clouser & Company a forged

note with intent to defraud one Solomon B. Skinner. A copy of the note was set out in the indictment, the signature thereto being "S. B. Skinner." It was the appellant's position that the indictment was faulty in that it did not state facts sufficient to constitute the crime, there being no averment that the Solomon B. Skinner named in the indictment is the "S. B. Skinner" whose name appeared upon the note and no averment that the Solomon B. Skinner who was intended to be defrauded was the "S. B. Skinner" whose name appeared upon the note alleged to be forged. A further insufficiency in the indictment was charged by the appellant who asserted that the allegation to defraud Solomon B. Skinner should have been an allegation of intent to defraud "Clouser and Moore." The conviction was reversed by reason of the first alleged deficiency, the court saying that it could not be inferred, either as matter of fact or of law that Solomon B. Skinner was the person met or intended by the name "S. B. Skinner," which was subscribed to the note on which the charge of forgery was predicated. Having thus disposed of the case, the court did not deal with the second proposition; and we fail to see the degree of similarity between the *Shinn* case and the case at bar that would render it authority for or in any way pertinent to the defendant's proposition.

In the *Wilkinson* case, *supra,* the question under consideration was not raised or determined. As a matter of dicta in that case, the court did say "It should be observed, however, that where the prosecutor does aver the intent to be, to defraud a particular person, he will *probably* be held to proof of the averment." (Emphasis ours). This is not the law of the case nor the law of this state. The specific point raised by Defendant was recently decided by this Court in the case of *Boyd* v. *State* (1971), 257 Ind. 443, 266 N. E. 2d 802, wherein we held that a variance between the person named in the indictment as the one whom the defendant intended to defraud, and the person who would bear the loss, as shown by the evidence, was not fatal. In that case we said:

"Defendant's remaining bastion is that the affidavit charges him with intent to defraud H. D. Osborne, whereas the evidence discloses that if anyone had been defrauded by his acts, it would have been Mr. Osborne's employer, the Loyal Order of Moose. In support of his claim that this is a fatal variance he cites Rhoades v. State (1946), 224 Ind. 569, 70 N. E. 2d 27, and Bradley v. State (1968), 249 Ind. 330, 232 N. E. 2d 358. The Rhoades case is not analogous to the one at bar in that it was a prosecution for larceny. In such cases, as held therein, the name of the owner of the property alleged to have been stolen is a material allegation to an affidavit for grand larceny, for it is a part of the description of the property and must be established by the evidence. The res of the action is the property, and to sustain the negative proposition that it did not belong to the defendant, it becomes necessary to affirmatively show to whom it did belong. We find no case, however, holding that it is necessary in a case of uttering a false instrument to show the identity of the person sought to be defrauded. The res of this action is the instrument uttered and it is only necessary to show that it was false, known by defendant to be false and that it was uttered by him with the representation that it was genuine and with intent to defraud. Specifically who was intended to be defrauded is not material. The intent to defraud is an essential element of the crime, but, if it is proved that the instrument was false and that the defendant had knowledge of its falsity but nevertheless uttered it with a representation that it was genuine in an attempt to obtain something of value, the intent to defraud will be inferred from the circumstances; and who would bear the loss is not significant.

We find no Indiana case where the court has ruled upon the necessity of alleging and proving the identity of a specific person, body politic or corporate intended to be defrauded by the uttering of a false instrument. Upon the basis of the foregoing, however, and upon the authority of the following cases from sister states, wherein it has been held that in a charge of uttering a false instrument it is not necessary to prove an intent on the part of the defendant to defraud a particular individual, but that it is sufficient to show that the defendant did the act charged with an intent to defraud, we hold that the variance complained of was not material and fatal. Commonwealth v. Sheaffer (1941), 149 Pa. Super 51, 23 A. 2d 215; Riley v. State, 44 S. W. 498 (Tex. Cr. App. 1898).

The purposes of the rule prohibiting material variances

between the allegations of the affidavit or indictment and the proof are to assure that the defendant is properly and adequately advised of the charges so that he may not be misled, and to protect against possible double jeopardy. Kruger v. State (1893) 135 Ind. 573, 35 N. E. 1019; Headlee v. State (1929), 201 Ind. 545, 168 N. E. 692, 170 N. E. 433.

There being no variance between the document alleged and proved, or between the occasion of its utterance as alleged and as proved, we conclude that defendant could not have been prejudiced by the variance complained of." 266 N. E. 2d at 804.

It is clear from the evidence and reasonable inferences to be drawn therefrom, that upon the occasion alleged in the affidavit, Defendant knowingly executed a false document of credit and presented it to the business firm alleged in the affidavit as payment of merchandise, and that she did so with the intent of obtaining said merchandise without payment therefor. It is unlikely that she knew or cared who would be the loser, but under the statute this is immaterial. The inference is inescapable that by her conduct she intended to defraud some "person, body politic or corporate,". We do not think the identity of such "person, body politic or corporate," to be material, as there is no question but that the affidavit properly and adequately advised the defendant of the charges, so that she was not to be misled thereby or subjected to possible double jeopardy; and the proof offered was sufficient and not at variance with the allegations of the affidavit within this context.

The judgment of the trial court is affirmed.

Arterburn, C.J., DeBruler, Givan and Hunter, JJ., concur.

NOTE.—Reported in 277 N. E. 2d 366.