*In re* Griffith, *Petitioner.*

----

*In the Matter of the Petition of* JOHN W. GRIFFITH, *for a Writ of Habeas Corpus.*

1. BEGINNING OF PROSECUTION; *Statute of Limitations.* The mere filing of a complaint before a magistrate charging the commission of a felony upon which no warrant is issued nor arrest made, is not such a commencement of the prosecution as will take the case out of the operation of the statute of limitations.

2. ———— *Statute of Limitations.* Imprisonment in the state penitentiary does not fall within any of the exceptions of the limitations upon criminal prosecutions; and therefore the time of imprisonment of the accused within the state, which passes before a prosecution is begun, cannot be excluded from the statutory period of limitation.

*Original Proceedings in Habeas Corpus.*

PETITION for a writ of *habeas corpus*, filed in this court April 8, 1886, by *John W. Griffith* against *S. L. Jones,* as sheriff of Sumner county. The opinion herein was filed at the June, 1886, session of the court.

*W. P. Hackney,* for petitioner.

*S. B. Bradford,* attorney general, for respondent.

The opinion of the court was delivered by

JOHNSTON, J.: This is an application for a writ of *habeas corpus,* in which John W. Griffith represents that he is restrained of his liberty by S. L. Jones, sheriff of Sumner county, without authority of law. It appears that the petitioner is held in custody on a warrant charging him with forgery, which was issued by L. A. Sumner, a justice of the peace of the city of Wellington, on the 10th day of March, 1886. The warrant was not issued upon a complaint made to that magistrate, but was founded on a complaint made and filed on September 4, 1883, before D. N. Coldwell, who was at that time a justice of the peace of the city of Wellington. This complaint was made and filed in his office, and was turned over by him with the other papers in his office as justice of the peace, to the said L. A. Sumner, who was his successor in office, and the complaint has been retained in the office and custody of Sumner ever since that time. No warrant was ever issued upon this complaint by Coldwell nor by Sumner before the issuance of the one under which the defendant is now held in custody. It further appears that on the 12th day of September, 1883, the petitioner was arrested, tried and convicted upon a charge of forgery, and sentenced to the penitentiary for a term of three years. On March 23, 1886, he was pardoned by the governor and restored to his liberty, but was immediately arrested and taken into custody by the respondent upon the process under which he is now held.

Under these facts the petitioner contends that the prosecution for the offense with which he is charged, is barred by the statute of limitations. Looking only at the recitation in the warrant with regard to the time when the offense was committed, there would seem to be no doubt that the statute bars the prosecution, because more than two years had elapsed after the offense was committed before the issuance of the warrant

and the arrest of the petitioner; but it is insisted on the part of the state that the making and filing of the complaint on September 4, 1883, is a commencement of the prosecution within the meaning of the statute of limitations, and prevents the bar under the statute. The question presented then is, does the making and filing of a complaint charging the de-

**1. Beginning of prosecution; statute of limitations.** fendant with a felony, and upon which no warrant is issued nor arrest made, constitute the commencement of the prosecution within the meaning of the statute of limitations? We think not. While the legislature has defined what shall be deemed the commencement of a civil action, it has nowhere provided what shall constitute the commencement of a criminal prosecution. "The first pleading on the part of the state is an indictment or information." (Crim. Code, § 102.) It was conceded in argument that the presentation or filing of an indictment or information was the commencement of a prosecution, but the filing of a mere complaint before a magistrate charging the commission of a felony cannot be so regarded. Neither the preliminary examination nor the prosecution is founded upon the complaint. As has been decided: "The original complaint has spent its force when the order of arrest is issued, and the order of arrest is the foundation for the preliminary examination." (*Redmond v. The State*, 12 Kas. 172.) The complaint is the initiative step to determine whether a prosecution shall be commenced, and the warrant does not necessarily follow the making and filing of the complaint, as is the case where an indictment or information is filed. Section 36 of the criminal code provides that the magistrate to whom a complaint is made "shall examine on oath the complainant and any witness produced by him, and shall reduce the complaint to writing, and shall cause the same to be subscribed by the complainant; and *if it shall appear* that any such offense has been committed, the court or justice shall issue a warrant." After this investigation is made by the magistrate and the complaint is reduced to writing and sworn to, no warrant is issued unless it shall then appear to him that an offense has been committed. If the war-

rant is issued, it is not made returnable before the magistrate issuing it, but it recites that the officer shall arrest the accused and take him before some magistrate of the county, to be dealt with according to law. The officer making the arrest may take the accused before any magistrate of the county, and is not limited to the one with whom the complaint is lodged, and the preliminary examination will be conducted without regard to the complaint upon the warrant returned before such magistrate. ( *Redmond v. The State,* supra; *Evans v. Thomas,* 32 Kas. 469.)

It would be unreasonable to hold that the mere filing of a paper or complaint, which is not regarded as a pleading, is not the foundation of either the preliminary examination or the prosecution, and upon which a warrant may never be issued, is a commencement of the prosecution sufficient to take it out of the statute of limitations. Statutory limitations upon the prosecution of crimes are to be reasonably and liberally interpreted with a view to accomplish the purpose they are intended to promote. The policy of the law is, that the accused shall have a prompt and speedy public trial before the proofs of his guilt or innocence have been obliterated. This purpose would not be accomplished by holding that the filing of a complaint alone operated as a bar to the statute, because complaints might be lodged before magistrates upon which no warrants would issue or arrests be made, and of which the public, as well as the accused, would have no knowledge until such time as interested persons might cause warrants to be issued and arrests to be made. If this were permitted, prosecutions for supposed offenses could thus be kept alive and delayed indefinitely, and the accused who at first was prepared with the proofs of his innocence, might, after the period of limitation fixed by the law, be lulled into a sense of security, and fail to preserve such proofs; and when a warrant is issued long after the statutory limitation, as was done in this case, he might, by reason of the delay, be entirely unprepared to meet the charge.

The cases cited by the state do not bear out its contention.

In *State v. May*, 1 Brev. 124, the question of whether an information to a magistrate is a legal commencement of a prosecution was in the case, but the decision of the reviewing court was placed upon other grounds. And even the inferior court ruled that a prosecution commenced by an information to a magistrate might be deemed a legal commencement where it was *pursued with due attention afterward*. The other citation made is *State v. Miller*, 11 Humph. 505, and it does not support the claim of the state that the filing of a complaint is the commencement of a prosecution, but it is there held that the warrant, apprehension and requiring of bail for the appearance of the party at the circuit court constituted a prosecution of the offender, and of this prosecution the warrant is the commencement. We are clear that the filing of a complaint only will not prevent the bar of the statute, and we are inclined to the view that "the issuing of the warrant in good faith and delivery to an officer to execute, is a sufficient commencement, if it appears that the defendant was afterward arrested upon that warrant and bound over for trial." (*People v. Clark*, 33 Mich. 120.)

It is further claimed in behalf of the state, that the time when Griffith was incarcerated in the state penitentiary should be excluded from the period of limitation. There is no ground whatever for this claim. The only exceptions to the statute are those mentioned in § 33 of the criminal code, and imprisonment in the penitentiary does not fall within any of them. He was of course not absent from the state, nor did he conceal the fact of the crime; neither can it be said that he concealed himself so that process could not be served upon him. He was convicted and imprisoned by the state, and of necessity the state and its officers were acquainted with his whereabouts.

2. Prosecution barred.

The prosecution of the offense charged against the prisoner not having been begun within two years after the commission of the offense, and not falling within any of the exceptions of the statute of limitations, is barred by that statute, and the petitioner must therefore be discharged.

All the Justices concurring.