Flick v. State.

## FLICK v. THE STATE.

[No. 2,908. Filed Nov. 17, 1898. Rehearing denied June 27, 1899.]

CRIMINAL LAW.—*When Prosecution Commences.*—The commencement of a criminal prosecution dates from the issuing of the warrant. *pp. 550-553.*

SAME.—*When Prosecution Commences.* — *Limitation of Actions.*— Section 1750 Burns 1894. requiring the clerk to issue warrants upon all indictments returned within ten days after the close of the term is mandatory, and, when an indictment is returned, and no warrant is issued thereon for more than two years, the prosecution is barred by the statute of limitation. *pp. 550-553.*

From the Orange Circuit Court. *Reversed.*

*Samuel R. Lambdin,* for appellant.

*W. L. Taylor,* Attorney-General, and *Merrill Moores,* for State.

HENLEY, C. J.—Appellant was indicted, arrested, tried, and convicted of the offense of carrying concealed weapons. Indictment against appellant was returned by the grand jury at the March term, 1896, of the Orange Circuit Court, but no notice of the return of the indictment was given appellant, and he was not arrested until May 9, 1898. No warrant was issued for appellant's arrest until May 9, 1898. At the July term, 1898, of said court, appellant appeared and pleaded in abatement that he had continually resided in Orange county since March, 1896, and had not sought to avoid arrest, or in any manner concealed his whereabouts, and that the warrant was issued upon said indictment more than two years after the date of the return of said indictment. A special answer pleading the statute of limitations averring all of said facts was also filed by appellant. To each

of these answers the lower court sustained a demurrer for want of facts, and it is these rulings of the lower court which are complained of by appellant.

Appellant's assignment of errors presents this question: When, within the meaning of the statute, does the prosecution of a criminal action begin? By the statutes of this State, the prosecution for an offense of this character must be commenced within two years after its commission, but there is no statute providing what shall be considered the commencement of a criminal prosecution. It is provided, in regard to civil actions, that "a civil action shall be commenced by filing in the office of the clerk a complaint, and causing a summons to issue thereon, and the action shall be deemed commenced from the time of issuing the summons." Section 316 Burns 1894.

It is provided by statute that "When an indictment is found, the court may direct the clerk to issue a warrant returnable forthwith. If no order is made, the clerk shall issue a warrant upon all indictments within ten days after the close of the term." Section 1750 Burns 1894. It is also provided by section 1751 Burns 1894 that the sheriff shall execute the warrant immediately upon its delivery to him. In this case it is apparent that no attempt was made to obtain jurisdiction of the person of the accused until long after the cause of action against him was barred by the statute of limitations. It is true that the indictment was returned within the two years, but no warrant was issued for appellant's arrest until more than two years had elapsed, even if we can count from the time allowed by the statute, that is, ten days after the close of the term at which the indictment was returned. The statute, in regard to issuing the warrants upon all indictments not ordered issued forthwith by the court, is mandatory. In commenting on this question it was said by Gillette, in his work on Criminal Law at section 53: "It will be noticed that the above statutes require proceedings to be 'commenced' within a certain time after the

commission of the offense. As to what is a commencement has not been directly determined, but it is the opinion of an eminent law writer, upon a review of the English authorities, that upon the filing of an affidavit before an examining magistrate and the issuance of a warrant, the proceedings may be deemed commenced." Mr. Bishop is the eminent law writer referred to in the above quotation. Bishop on Stat. Crimes, section 261; *Foster* v. *State*, 38 Ala. 425; *Reg* v. *Austin*, 1 Car. & K. 621.

It is the universal rule that criminal statutes shall be construed strictly as against defendants, and liberally in their favor. A civil action is deemed commenced from the time of issuing the summons. Shall not a criminal action be deemed commenced from the time of the issuing of the warrant? The process in both instances is to obtain jurisdiction of the person of the defendant. The proceedings of a grand jury are secret; the jurors themselves and all the officers of the State are sworn to secrecy in regard to all matters brought to their attention. It would be manifestly unfair and unjust, and not within the meaning or spirit of the law, to hold that an indictment might be returned against a person, and be allowed to remain in the clerk's office in the county where the defendant resides without a warrant being issued thereon until the crime with which defendant is charged is barred by the statute of limitations, and then that the defendant be held to answer for the crime so charged. It is further provided by statute in this State that indictments against persons not in custody, and who have not given bail, are in the keeping of the clerk, and can not be inspected by any person except the clerk or his deputies, the court and the prosecuting attorney, "until after the arrest of the defendant;" and that if a grand juror, prosecuting attorney, clerk, judge, or other officer, discloses the fact that an indictment has been found, until after the defendant is arrested, such action is punishable as a contempt. Sections 1744, 1745 Burns 1894. Now, it is plain to be seen

that, if the issuing of a warrant could be withheld for two years, and the operation of the statute of limitations be suspended by simply returning an indictment, and secretly charging defendant with a crime, the issuing of the warrant could in the same way be withheld ten or twenty, or any number of years, and defendant be liable to be called upon to defend himself against a criminal charge, of the existence of which he was not aware, and which by lapse of time might become difficult to disprove. The law provides that public officials charged with certain duties can be punished for a failure to discharge those duties. Conspiracy to which the defendant was a party, absence from the State, concealment to avoid arrest, or any fraudulent action to which the defendant was a party, to prevent the officers from doing their duty, would suspend the operation of the statute of limitations. The statutes governing this cause are plain. Their rigid enforcement would oppress no one. It *is* the failure to enforce the law, not its enforcement, that is oppressive.

We can arrive at no other conclusion in this case than that the commencement of the proceedings dated from the issuing of the warrant.. The action was barred by the statute of limitations. The demurrer to the special answer pleading the statute of limitations ought to have been overruled. Judgment reversed, with instructions to the lower court to overrule the demurrer to appellant's answer.