Gardner v. State.

---

## GARDNER v. THE STATE.

[No. 20,108. Filed October 9, 1903.]

CRIMINAL LAW.—*When Prosecution is Commenced.—Limitation of Actions.*—A criminal prosecution is commenced at the time the indictment is returned and presented to the court by the proper grand jury, and from such time the further running of the statute of limitation will be arrested. *Flick* v. *State*, 22 Ind. App. 550, disapproved. *pp. 263-269.*

APPEAL AND ERROR.—*Instructions.—Venue.—Proof.—Rape.*—A cause will not be reversed because of the failure of an instruction to advise the jury in regard to the question of venue in a criminal prosecution, where the evidence is not in the record, and the instruction complained of is the only instruction in the record; since it will be presumed that the jury was fully advised by other instructions as to the proof necessary on the part of the State, and the fact that the jury found the defendant guilty as charged warrants the assumption that the evidence properly established that the crime was committed in the county as charged. *p. 269.*

From Whitley Circuit Court; *J. W. Adair*, Judge.

William N. Gardner was convicted of the crime of rape, and he appeals. *Affirmed.*

*F. J. Heller, T. R. Marshall, W. F. McNagny* and *P. H. Clugston,* for appellant.

*C. W. Miller,* Attorney-General, *C. C. Hadley, W. C. Geake* and *L. G. Rothschild,* for State.

Jordan, J.—Appellant was prosecuted upon an indictment which charged him with having, at the county of Whitley and State of Indiana, on the 15th day of February, 1898, committed the crime of rape upon a girl under the age of fourteen years. He was tried by a jury, and found guilty, and over his motion for a new trial was sentenced by the court to be imprisoned for an indeterminate period in the state prison, disfranchised, and rendered incapable of holding any office of trust or profit. From this judgment he appeals.

The evidence upon which appellant was convicted is not before us, neither have the instructions of the lower court been certified up, except a single one thereof upon which alone appellant bases his ground for a reversal. The record discloses that the indictment was returned by the grand jury of Whitley county into the lower court and filed April 17, 1902. Appellant was tried and convicted in the following November. Instruction number two, of which appellant complains, was given by the court to the jury at the request of the State, and it is disclosed by the bill of exceptions to have been the only one given upon the particular subject-matter therein embraced and mentioned. No other instruction was given by the court which in any manner or form modified, limited, changed, or withdrew instruction number two from the jury. It is stated in the bill of exceptions that there was no evidence given upon the trial by the court which either showed or tended to show when the warrant for the arrest of the accused upon the indictment returned was issued; nor was there any evidence to establish when the warrant came to the hands of the

sheriff for service. By the particular instruction in controversy the court informed and advised the jury in effect, as a legal proposition, that the prosecution was commenced when the indictment against the defendant was returned into court by the grand jury, without regard to the time when the warrant thereon was issued. As the evidence is not in the record we are not advised as to the time when the crime of which appellant was convicted was actually committed. It is insisted, however, that the charge of the court in controversy was erroneous, inasmuch as it advised the jury, in effect, as a matter of law, that the return of the indictment into court was the commencement of the prosecution, and that such return or presentment alone served to arrest the running or operation of the statute of limitations.

Appellant's counsel urge and contend that within the meaning of the laws of this State pertaining to public offenses and the prosecution thereof, a criminal action can not be deemed or held to have been commenced on the part of the State until a warrant for the arrest of the accused has been issued upon the indictment or information charging the offense. The argument seemingly is advanced that the issuing of the warrant is the act which crowns the commencement of the prosecution, and that therefore until such warrant is issued the statute continues to run in favor of the accused party. The learned Attorney-General in his brief on behalf of the State admits that the question which he concedes to be involved in this appeal is one which under the laws of this State is surrounded with more or less doubt, and that little light is cast upon the proposition by the decisions of this court. Section 1662 Burns 1901, §1593 Horner 1901, provides that prosecutions for rape and other crimes therein mentioned may be commenced at any time within five years after the commission of the offense. It follows, therefore, in the case at bar that among other things it was essential to the conviction of the defendant that the State establish beyond a reasonable

Gardner *v.* State.

doubt that the prosecution was commenced within five years after the crime charged was committed. As the initiative step in this prosecution was taken by the State in the circuit court of Whitley county, the point presented involves the inquiry when, under such circumstances, may a criminal action or prosecution upon the part of the State be deemed and considered to have been commenced within the meaning of our laws pertaining to criminal procedure? While it is true that the legislature under our civil code has defined what shall be deemed to be the commencement of a civil action, nevertheless it has wholly failed expressly to provide what shall constitute the beginning of a criminal prosecution. In a solution of this question it is proper that we look to some of the provisions of our criminal code. Section 1799 Burns 1901, §1730 Horner 1901, declares that the "first pleading on the part of the State is either an indictment or information." It is provided by our statutes that warrants must be issued upon informations as soon as they are filed, and that when an indictment is found the court may direct the clerk to issue a warrant returnable forthwith. If no order is made by the court the clerk is required to issue warrants upon the indictments returned within ten days · after the close of the term. §1750 Burns 1901, §1681 Horner 1901. By §1741 Burns 1901, §1672 Horner 1901, it is provided that as soon as an indictment is presented, and examined by the court, or an information filed, the clerk shall indorse thereon the date of such filing or presentation, and he shall then record such indictment or information with its indorsement in a record-book kept for that purpose. There is certainly nothing in any of these provisions of our criminal code, or in others thereof, to our knowledge, which indicates that the legislature intended that a criminal prosecution could not be considered as commenced, so as to arrest the operation of the statute of limitation, until the clerk has issued a warrant upon the indictment or information in the particular case.

An examination of the decisions of this court reveals the fact that for a period of over forty years the court has considered the return of an indictment as constituting the commencement of a prosecution.

*Jones* v. *State,* 14 Ind. 346, decided in 1860, was a prosecution for receiving stolen property. Davison, J., in that appeal, in passing upon the question as to whether the action was barred by limitation, said: "The indictment, which was the commencement of the prosecution, was found October 12, 1859. * * * We are of opinion that the statute of limitation commenced running, in this case, in September, 1856, when the defendant received the stolen mare, and therefore continued to run. It follows, this prosecution, not having been commenced until the 12th of October, 1859, is barred by the statute."

In *State* v. *Hoke,* 84 Ind. 137, the accused was charged with the crime of larceny. Elliott, J., in that case said: "The second count of the indictment preferred against the appellee charges the crime of larceny, and that it was committed on the 24th day of November, 1878, which was more than two years' before the return of the indictment. The prosecution seeks to avoid the force of the statute of limitation by the following statement: [Here follows a statement of certain facts to show that the commission of the crime was concealed by the accused.] The fifth count of the indictment is bad. It shows that the crime charged was committed more than two years before the return of the indictment, and that the accused, instead of concealing the fact that a crime had been committed, made that fact public."

In *Hoover* v. *State,* 110 Ind. 349, this court, in considering the question there involved, said: "When a person is arrested on a criminal charge without a warrant, the proceeding is, in a certain sense, the commencement of a prosecution. 1 Bishop, Crim. Proc., §§30, 31. But where the filing of an affidavit is necessary to obtain a warrant,

the prosecution is deemed to have been commenced when the affidavit is filed. It is the affidavit which, in such a case, invokes the jurisdiction of the officer or tribunal before whom or which it is filed. Wharton, Crim. Pl., §1."

In *Zimmerman* v. *State*, 4 Ind. App. 583, which was a prosecution by indictment against Zimmerman for obstructing a public highway, the Appellate Court in that case, by Reinhard, J., said: "But if, as assumed in the hypothesis of the instruction, the appellant obstructed the highway in 1886 and maintained the obstruction thereafter 'until within two years of this date,' the prosecution would not be barred, the 'date' mentioned being evidently the day of trial. The appellant would be guilty if he had maintained the obstruction to within two years next before the day of the return of the indictment."

*Carr* v. *State*, 36 Tex. Cr. Rep. 390, 37 S. W. 426, was a prosecution of the accused by indictment for rape. Pending a trial on this charge he appears to have been convicted of the crime of larceny, and was sentenced to imprisonment in the state prison for a term of two years. In the prosecution for rape the court at each term while the defendant was in prison made an entry showing that the cause was continued for the reason that the defendant was in the penitentiary, and upon his discharge from prison Carr was arrested and tried upon the indictment for rape. In regard to his plea in respect to the statute of limitation the court of criminal appeals in that case said: "The court correctly overruled the plea of limitation. Limitation does not apply when the facts are as stated, and only applies when the indictment has not been returned within the term specified in the statute. In order to prosecute for the crime of rape, the indictment must be presented within one year from the time the offense is committed. When the indictment is once presented into court, the cause may be continued from time to time indefinitely, without interposing the question of limitation.

Gardner *v.* State.

As stated in the plea itself, the offense was committed on the 17th day of July, 1892, and the indictment was returned the following January, 1893; clearly within a year as specified in the statute. There is no merit in the contention of the appellant."

In *Boughn* v. *State,* 44 Neb. 889, 62 N. W. 1094, the court held that "An indictment must be found, or information filed, within the time fixed by the statute of limitations. It is not sufficient that the prosecution be instituted by complaint, arrest, or preliminary examination, within the statutory period."

In *Warrace* v. *State,* 27 Fla. 362, 8 South. 748, the court said: "It is not ordinarily necessary to prove the offense to have been committed on the day of the month or the year specified in the indictment, but it is essential that the proof should show, in offenses not punishable with death, that the crime was committed within two years from the presentment of the indictment."

Upon the same question, see, also, *Anderson* v. *State,* 20 Fla. 381, and *In re Griffith,* 35 Kan. 377, 11 Pac. 174. Mr. Bishop in his work on Statutory Crimes (3d ed.), §261, says: "There is American authority for saying that the word 'prosecution,' in a statute limiting criminal causes, is an equivalent for indictment; so that only on the finding of an indictment will the running of a statute be stayed." *Vide* Wharton, Crim. Pl. & Pr. (9th ed.), §316, and Bishop, Statutory Crimes (3d ed.), §257.

Without further consideration or references to authorities bearing upon the proposition we are of the opinion, and so conclude, that the answer to the question above propounded must be that a criminal prosecution by indictment may be deemed and considered as commenced at the time the indictment is returned and presented to the court by the proper grand jury, and from that time the further running of the statute of limitation will be arrested. If the prosecution is by affidavit and information,

then and in such cases the action may be deemed to be commenced at the time the information is filed with the clerk by the State through its proper officers.

We have been cited to the case of *Flick* v. *State,* 22 Ind. App. 550, in support of appellant's contention. It may be said that the decision in that appeal sustains the insistence of appellant, but we can not yield our sanction to the holding in that case. It is there held that the commencement of a criminal prosecution dates from the issuing of the warrant upon the indictment for the arrest of the accused, and that the statute of limitation in such a case will continue to run after the return of the indictment until a warrant is issued thereon. The reasons advanced by the learned judge who wrote the opinion of the court in that case are unsound and untenable, and do not, in our judgment, authorize. the holding therein. We expressly disapprove the ruling of the court in *Flick* v. *State, supra.*

It is finally claimed and urged by appellant's counsel that the instruction complained of is erroneous for the further reason that it makes no mention of, nor does it advise the jury in regard to, the question of venue. The evidence, as we have said, is not before us; neither are any of the instructions in the case in the record, except the one in controversy. Therefore under this state of the record we must assume that the trial court in other instructions which it gave to the jury fully advised them in respect to what the State was required to prove in regard to the venue, and the fact that the jury found the defendant guilty as charged in the indictment warrants the assumption that the evidence properly established that the crime of which the accused was convicted was committed in Whitley county.

The record presents no error, and the judgment is therefore affirmed.