## THE STATE OF KANSAS v. SI SMITH.

No. 14,437.    (83 Pac. 832.)

### SYLLABUS BY THE COURT.

CRIMINAL LAW—*Indictment—Beginning of Prosecution—Limitation.* Where an indictment is returned by a grand jury, and three days thereafter a warrant is issued upon which the defendant is arrested, the prosecution is to be deemed begun, for the purpose of stopping the running of the statute of limitations, from the time of the return of the indictment.

Appeal from Allen district court; OSCAR FOUST, judge. Opinion filed November 11, 1905. Affirmed.

*C. C. Coleman,* attorney-general, and *B. E. Clifford,* for The State.

*Ewing, Gard & Gard,* for appellant.

The opinion of the court was delivered by

MASON, J.: Si Smith appeals from a conviction upon an indictment for a violation of the prohibitory liquor law. The sole ground upon which a reversal is asked is that the court permitted witnesses to testify to sales of liquor made at any time within two years prior to the return of the indictment. There was an interval of three days between the return of the indictment and the issuance of the warrant. The defendant claims that the action against him was not begun, so as to stop the running of the statute of limitations, until a warrant was issued; that therefore he was protected against prosecution for any offense committed more than two years before that time; and that, consequently, the evidence should have been confined to a period beginning two years before the warrant was issued, instead of two years before the indictment was found. He relies upon the cases of *In re Griffith, Petitioner,* 35 Kan. 377, 11 Pac. 174, and *In re Clyne, Petitioner,* 52 Kan. 441, 35 Pac. 23, which decide that where a complaint is filed before a magistrate charging a felony a prosecution is not deemed to have been begun until a warrant is issued, nor even then unless reasonable diligence is exercised in its service. In the Griffith case it was said:

"The complaint is the initiative step to determine whether a prosecution shall be commenced, and the warrant does not necessarily follow the making and filing of the complaint, as is the case where an indictment or information is filed." (Page 379.)

A proceeding instituted by indictment, as suggested, stands upon a different footing. Section 5568 of the General Statutes of 1901 provides that unless a special order is made by the court the clerk must issue a warrant within twenty days after the close of the term.

The mere return of an indictment, therefore, imposes an absolute duty upon the clerk to issue a warrant within a fixed time. It starts the machinery by which, without further attention from the prosecutor, process will be issued, within what must be regarded as a reasonable time, for the arrest of the defendant. Where due diligence is shown a criminal action instituted by a complaint before a justice of the peace charging a felony is regarded as begun when the warrant is issued, no matter how long an interval may elapse before it is served. (*In re Clyne, Petitioner,* 52 Kan. 441.) By what seems a fair analogy we hold that in the case of a prosecution by indictment, where a warrant is placed in the hands of the sheriff within the statutory period referred to, it operates by relation as though issued immediately upon the report of the grand jury, and the running of the statute of limitations is suspended from that time.

The question of when a criminal action is to be considered begun has often received the attention of the courts. Cases on the subject are collected in volume 19 of the American and English Encyclopedia of Law, page 166, and volume 12 of the Cyclopedia of Law and Procedure, page 258. These cases have but little, if any, bearing upon the matter here involved, because they were affected by differences of statutes, and arose under different circumstances—usually where the arrest had preceded the action of the grand jury. However, in *Gardner v. State,* 161 Ind. 262, 68 N. E. 163, the exact question here involved was presented, under a statute substantially the same as that of Kansas, and the court after reviewing the authorities at length held that the prosecution was begun, and the running of the statute of limitations was interrupted, when the indictment was returned, irrespective of the time the warrant was issued, expressly disapproving on this point *Flick v. State,* 22 Ind. App. 550, 51 N. E. 951. The judgment is affirmed.

All the Justices concurring.