PEOPLE OF PORTO RICO, Plaintiff and Appellant, *v.* ROGELIO CAPESTANY ET AL., Defendants and Appellees.

No. 3149. Argued May 3, 1927.—Decided January 12, 1928.

*José E. Figueras* for the appellant. *Manuel A. Martínez Dávila* and *A. Porrata Doria* for the appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The matter involved in the present case is the construction of section 78 of the Penal Code for the purpose of the computation of the period of three years within which to bring a criminal action for any felony except murder, embezzlement of public money, or falsification of public records.

On October 25, 1926, there was filed in the District Court of Guayama an indictment of the grand jury against Rogelio Capestany, Miguel Bernard Silva and Francisco Moll Ferrer, charging them with the crime of bribery committed on October 17, 1923.

The defendants demurred on various grounds, one being prescription under the provision of section 78 of the Penal Code.

The court considered only the plea of prescription and sustained it, ordering, consequently, a dismissal of the prosecution.

The People of Porto Rico took this appeal.

In support of its ruling the District Court of Guayama expressed itself as follows:

"It appears from the indictment that it was presented to the court by the grand jury on November 17, 1926, or three years and one month after the commission of the offense. The defendants were arrested and admitted to bail, as shown by the record of the case, on the 3rd and 6th of July, 1926, respectively. Let us see whether the offense is prescribed.

\* \* \* \* \* \* \*

"We will ask now: When is an action understood to have been commenced?

"In Civil Law, from the filing of the complaint. It is thus expressly provided by section 38 of our Code of Civil Procedure when it establishes that an action is commenced when the complaint is filed. The Code of Criminal Procedure does not settle in a clear and specific manner when a criminal action is commenced; but we find, however, the provision in the chapter of said Code treating of Pleadings and Information, section 67, that the first pleading on the part of the people is the information. By information is understood, according to section 68 of the said Code of Criminal Procedure, an allegation in writing made to a district court by the prosecuting attorney charging a person with a public offense. Therefore, in accordance with the foregoing precepts a criminal action is not initiated or commenced in a court until the filing of the information in the office of the clerk. In the case before us an indictment was presented by the grand jury; but this fact, in our opinion, rather strengthens the opinion of this court as to its view that the criminal action does not commence until the filing of the information. The grand jury is a body empowered by law to make an examination of the offenses committed within its jurisdiction. However, the arrest of a person indicted by the grand jury must be made under a warrant of the court after the presentation of the indictment by the grand jury. This is the reason why in cases of indictment by grand jury, as in the case at bar, the jurisprudence is more uniform than in a case of information by the district attorney in holding that the criminal prosecution does not commence until the filing of the information. In this respect let us see what Corpus Juris says in vol. 16, paragraph 355, p. 230, from which we quote:

" 'COMMENCEMENT OF PROSECUTION—1. IN GENERAL. If a statute provides that an indictment must be found within the period of limitation, a failure to find the indictment within such period bars the prosecution of the offense, and making a complaint before a magistrate and procuring a warrant for the arrest of accused, although there is a preliminary hearing and binding over, does not take the case out of the statute. On the other hand, where the statute simply provides that the prosecution must be commenced within a specified period, a complaint and warrant of arrest issued thereon and executed without unnecessary delay will constitute a commencement of the prosecution. Of course under such a statute a prosecution may be by indictment, in which case it will be deemed commenced at the time the indictment is returned and presented to the court by the proper grand jury, and from that time the further running of the statute of limitation will be arrested. Similarly if the prosecution is by affidavit and information, then, and in such cases, the action may be deemed to be commenced at the time the information is filed by the state through its proper officer.'

"In those States having identical or similar provisions as those of section 78 of our Penal Code the courts have acknowledged and followed the theory that the presentation of the information constitutes the commencement or initiation of the action. In Gardner v. State, 161 Ind. 262, 68 N. E. 165, where that point is amply discussed, the Supreme Court of Indiana says:

" 'Without further consideration or references to authorities bearing upon the proposition, we are of the opinion, and so conclude, that the answer to the question above propounded must be that a criminal prosecution by indictment may be deemed and considered as commenced at the time the indictment is returned and presented to the court by the proper grand jury, and from that time the further running of the statute of limitation will be arrested. If the prosecution is by affidavit and information, then and in such cases the action may be deemed to be commenced at the time the information is filed with the clerk by the state through its proper officer.'

"See also Jones v. State, 14 Ind. 346, State v. Smith, 72 Kan. 244.

"Finally we will say in support 'of the theory which we have been holding that the criminal prosecution does not commence, under section 78 of the Penal Code of Porto Rico, until the presen-

tation of the information; that it is a principle acknowledged by jurisprudence that the statutes of limitations are to be given a reasonably strict construction in favor of accused and against the prosecution. Corpus Juris, vol. 16, paragraph 340, p. 222.''

The grounds set forth by the learned district judge seem indeed to be convincing. However, a careful consideration of the question carries us to a contrary conclusion.

Section 78 of the Penal Code, copied from the original in English, reads:

''The prosecution for any felony other than murder, the embezzlement of public money, or the falsification of public records, must be commenced within three years after its commission.''

And section 800 of the Penal Code of California is as follows:

''An indictment for any other felony than murder, the emblezzlement of public money, or the falsification of public records, must be found, or an information filed, within three years after its commission.''

If the Porto Rican Legislature had followed the California statute in the use of the words ''An indictment . . . must be found,'' there would be no question. Both the defendants and the district court would be right, but our Legislature departed from the model and used the words ''The prosecution . . . . must be commenced,'' and the situation changed.

In .1905 this court, by Associate Justice McLeary, in *People* v. *Rivera et al.,* 9 P.R.R. 363, expressed itself as follows:

''The learned counsel contends that to direct a prosecution means to take charge of the case after the filing of the information, and does not include the preparation or filing thereof. From this argument it would seem to be important to determine when the prosecution begins or what is the commencement of the prosecution. It has been said by an eminent authority that where the statutes do not provide otherwise, the warrant of apprehension, and

not the subsequent indictment or presentment, is the commencement of the prosecution. (See *Clayton* v. *State*, 127 Ala. 550; *Leake* v. *State*, 22 La. App. 550; *Carr* v. *State*, 36 Tex. Cr. App. 390.)

"In *Harnett* v. *State*, (42 Ohio St. Rep. 568) it is held by the Supreme Court of that State that where a person is arrested and duly committed for the crime for which he is thereafter indicted, the prosecution of that crime is pending as soon as he is arrested and committed. In addition to these authorities reference may be made to 2 Bouvier's Dictionary, page 784, where the prosecution is defined as follows: 'The means adopted to bring a supposed offender to justice and punishment by due course of law.' (Reference is made to 34 La. Ann., 1198.) It is plain that the arrest or the first step taken by the prosecuting officer towards bringing an offender to justice, whatever it may be, is the beginning of the prosecution."

In the cited case of *Harnett* v. *State*, 42 Ohio, 568, 576, the Supreme Court of that state said:

"Mr. Wharton, in his *Criminal Pleading and Practice*, says, in the index, 'Prosecution usually begins with oath before magistrate,' and in section 1 says, 'The usual commencement of a criminal procedure is a preliminary oath before a magistrate, upon which, a warrant is issued for his arrest.'

"Mr. Bishop, in his *Criminal Procedure*, paragraph 28, says, 'This chapter will present, in brief outline, the successive steps in a criminal cause.' Then in section 29 he divides these steps as, 'I. The steps which precede the indictment, complaint, or information; II. What follows, down to the finding upon the facts; III. From the finding of guilty to the complete execution of the sentence.' 'Paragraph 30. To convict and punish an offender, possession must be obtained of his person. Hence, in general, when a crime has been committed, and suspicion rests on a particular person, the first thing done is to arrest him.'

"The *first* step, the arrest, the examination and commitment, the presentment by the grand jury of the written accusation of the crime, which becomes the indictment, the arraignment, plea, trial, verdict, sentence, and execution, are regarded as successive steps in a criminal cause or prosecution.

"Then, as early as the arrest and commitment, for a crime for which he is afterwards indicted, the cause or prosecution is *pending*." *Harnett* v. *State*, 42 Ohio State Reports, 568, 576.

In another of the cases cited, that of *State* v. *Williams,* 34 La. Ann. 1198, 1199, the Supreme Court said:

"Counsel argues that the meaning attached to the word 'prosecution' in the Constitution, is indicated by Art. 5, which provides that 'prosecutions shall be by indictment or information,' etc., and hence he concludes that before indictment or information, there can be no prosecution instituted for the purpose of being apportioned.

"We think that this is too narrow a definition of the word 'prosecution,' which is defined to be 'the means adopted to bring a supposed offender to justice and punishment by due course of law.' Bouvier, p. 396.

"Under our system of criminal law, a prosecution has several phases or steps of proceeding: The first being usually an affidavit or charge; next a warrant of arrest, and so on through the hands of the committing magistrate, whose committal transfers the prosecution to the proper criminal court, where it undergoes the other phases of presentment, arraignment, trial and conviction or acquittal.

"Hence, the meaning of Art. 5 of the Constitution, in referring to 'prosecution,' imports a provision for the phase or form of presentment; and in speaking of all prosecutions instituted 'in Art. 130,' the Constitution means all criminal cases which may be brought before the court."

Another interesting case is that of *State* v. *Simpson,* 76 N. E. 544, in which the Supreme Court of Indiana reasoned as follows:

"It is first insisted that the affidavit and information show that the prosecution of the offense charged is barred by the statute of limitations. The statute applying to this case reads as follows: 'In all other cases, prosecutions for an offense must be commenced within two years after its commission.' Section 1665, Burns' Ann. St. 1901. In Bishop on Statutory Crimes, paragraph 261, the learned author, after a discussion of the subject, says: 'It is believed to be the general understanding in our tribunals that a criminal prosecution is begun when a complaint is made to a magistrate who issues his warrant of arrest.' This conclusion is fully sustained by an exhaustive collection of decided cases. In the case of State v. Miller, 11 Humph. 505, in construing a statute similar

to ours, it was said: 'The circuit court, regarding the time when the indictment was found to be the commencement of the prosecution, within the meaning of the act, quashed the indictment, from which judgment the Attorney General, in behalf of the state, appeared in error to this court. We are of the opinion his honor, the circuit judge, erred in his construction of the statute. When it provides that "all prosecutions by presentment or indictment for misdemeanor, shall be commenced within twelve months," we understand the Legislature to refer to the commencement of the prosecution, and not to the finding of the indictment. The warrant, apprehension, and requiring bail for the appearance of the party at the circuit court certainly constituted a prosecution of the offender, and of this prosecution the warrant is the commencement. The indictment is the method by which the issue is made up on which the party is to be tried. It is a prosecution, therefore, by indictment, although the prosecution is commenced by warrant. The meaning is that prosecution for misdemeanors, the trial of which must be by presentment or indictment, shall be commenced in 12 months. The limitation refers to the commencement of the prosecution, and not to the finding of the indictment.' In the case of State v. Erving, 19 Wash. 435, 53 Pac. 717, upon this question the court said: 'But counsel is mistaken in the assumption that the prosecution of this case was not commenced within three years after the alleged commission of the crime, viz., July 11, 1894. From the record and the briefs of counsel it sufficiently appears that the defendant was arrested on the 22nd day of June, 1897, and had a preliminary examination before a justice of the peace upon this very charge. That examination resulted in his being held for trial in the superior court, and was the commencement of the prosecution, within the meaning of the statute.' In the case of State v. Howard, 15 Rich. Law, 274, 282, the Court of Appeals of South Carolina said: 'The complaint made to a magistrate is the commencement of a prosecution sufficient to arrest the act of limitation'—citing State v. Fraser, 2 Bay, 96; State v. James, 2 Bay, 215; and State v. May, 1 Brev. 160. In Ross v. State, 55 Ala. 177, it was held that the court properly charged the jury that in case of petit larceny, if a warrant for the arrest of the defendant was issued and returned by a proper officer within 12 months after the commission of the offense, then the statute of limitations of 12 months would be no bar. See also, Molett v. State, 33 Ala. 408, 412; Commonwealth v. Christian, 7 Grat. 631; Newel v. State, 2

Conn. 38; and Rex v. Willace, 1 East C. L. 186. The courts of last resort in the states of Nebraska, California, Missouri, and Florida have rendered decisions seemingly in conflict with the result reached in the cases above cited. The difference, however, is readily explained by an examination of the language of the statutes of limitation of those states." *State* v. *Simpson,* 76 N. E. 544, 545.

The Supreme Court of Kansas holds the same views in *State* v. *White,* 92 Pac. Rep. 830.

The cases of *Gardner* v. *State,* 161 Ind. 262, and *State* v. *Smith,* 72 Kan. 244, are not as strong as claimed by the district court.

We will quote in full the latter case, which is based on the former, from 83 Pac. 832. It is as follows:

"Si Smith appeals from a conviction upon an indictment for a violation of the prohibitory liquor law. The sole ground upon which a reversal is asked is that the court permitted witnesses to testify to sales of liquor made at any time within two years prior to the return of the indictment. There was an interval of three days between the return of the indictment and the issuance of the warrant. The defendant claims that the action against him was not begun, so as to stop the running of the statute of limitations, until a warrant was issued; that therefore he was protected against prosecution for any offense committed more than two years before that time; and that consequently the evidence should have been confined to a period beginning two years before the warrant was issued, instead of two years before the indictment was found. He relies upon the cases of In re Griffith, 35 Kan. 377, 11 Pac. 174, and In re Clyne, 52 Kan. 441, 35 Pac. 23, which decide that where a complaint is filed before a magistrate, charging a felony, a prosecution is not deemed to have been begun until a warrant is issued, nor even then, unless reasonable diligence is exercised in its service. In the Griffith Case it is said: 'The complaint is the initiative step to determine whether a prosecution shall be commenced, and the warrant does not necessarily follow the making and filing of the complaint, as is the case where an indictment or information is filed.' A proceeding instituted by indictment, as suggested, stands upon a different footing. The statute (section 5568, Gen. St. 1901) provides that, unless a special order is made by the court, the clerk must issue a warrant within 20 days after the closing of

the term. The mere return of an indictment, therefore, imposes an absolute duty up'on the clerk to issue a warrant within a fixed time. It starts the machinery by which, without further attention from the prosecutor, process will be issued, within what must be regarded as a reasonable time, for the arrest of the defendant. Where due diligence is shown, a criminal action instituted by a complaint before a justice of the peace, charging a fel'ony, is regarded as begun when the warrant is issued, no matter how long an interval may elapse before it is served. In re Clyne, supra. By what seems a fair analogy we hold that in the case of a prosecution by indictment, where a warrant is placed in the hands of the sheriff within the statutory period referred to, it operates by relation as though issued immediately upon the report of the grand jury; and the running of the statute of limitations is suspended from that time. The question of when a criminal action is to be considered begun has often received the attention of the courts. Cases on the subject are collected in 19 A. & E. Encycl. of L. 166, and 12 Cyc. 258. These cases have but little, if any, bearing upon the matter here involved, because they were affected by differences of statutes, and arose under different circumstances—usually where the arrest had preceded the action of the grand jury. However, in Gardner v. State, 161 Ind. 262, 68 N. E. 163, the exact question here involved was presented under a statute substantially the same as that of Kansas, and the court, after reviewing the authorities at length, held that the prosecution was begun and the running of the statute of limitations was interrupted when the indictment was returned, irrespective of the time the warrant was issued, expressly disapproving on this point Flick v. State, 22 Ind. App. 550, 51 N. E. 951.'' *State* v. *Smith,* 83 Pac. Rep. 832.

As may be seen, the date of filing the information preceded that of the warrant of arrest and it was then held that the piosecution had begun from the filing of the information.

In Porto Rico when a complaint is made to the district attorney he begins an investigation of the case, acting as a committing magistrate, and if he finds sufficient grounds he orders the arrest of the accused, and it is from that moment that the machinery of justice is set in motion against a certain person, and it seems logical in view of the statute that that should be the basic moment for a computation of

prescription. If the warrant of arrest had not been issued, then the filing of the information should be considered. It seems well to refer to section 5 of the Penal Code.

Such being the case, the defendants having been arrested on the 3rd and 6th of July, 1926, a simple arithmetical operation shows that the statutory period of three years had not then expired and therefore that the right of The People to prosecute had not prescribed.

By virtue of the foregoing the judgment appealed from must be reversed and the case remanded to the district court for further proceedings in conformity with the principles established in this opinion.