**CLEVELAND** (City), Plaintiff, v. STROM, Defendant.

Municipal Court, Criminal Branch, Cleveland, Ohio.

No. 261685. Decided 1946.

Messrs. A. A. Rutkowski, Cleveland, August Pryatel, and Harry Auslander, Cleveland, for prosecution.
Jerome Goldman, Cleveland, for defendant.

## OPINION

By ARTL, J.

This matter comes before the court this 25th day of January, 1946 upon motion of the defendant, charged with a misdemeanor, to quash the affidavit herein for the reason that it is apparent upon the record that the proceedings have not been brought within the time limited by law.

The record indicates that on April 30, 1942, there was filed with the clerk of this court an affidavit in due form, charging that the defendant on April 26, 1942, at the city and county, one Harry Strom being then and there the driver or operator of a certain vehicle, to-wit; an automobile on Warner Road, a public road or highway, in said City, did then and there, while so driving or operating said motor vehicle, cause an accident to or collision with a person, to-wit: John Papcun, and having knowledge of such accident or collision unlawfully left the scene and failed to stop, in violation of §2406-1 of the Municipal Code of Cleveland; that on said April 30, 1942, a warrant for the arrest of the defendant was issued and delivered for service to the police department. The warrant was returned endorsed—"not found", with a notation upon the margin of the warrant, "serving time in Indiana State Pen."

The defendant was arrested upon the aforesaid warrant on December 10, 1945, some three years, eight months and ten days after its issuance. The offense charged is a misdemeanor.

The defendant's position is that a prosecution of the defendant at this time is barred by §12381 GC, in that the prosecution was not commenced within three years from the time such misdemeanor was committed, within the meaning of the Statute.

The applicable section of the General Code provides as follows:

"'Sec 12381 GC. A person shall not be indicted or criminally prosecuted for a misdemeanor, the prosecution of which is not specially limited by law, unless such indictment is found or prosecution commenced, within three years from the time such misdemeanor was committed."

Counsel for the defendant contends that a prosecution is deemed commenced when (1) there has been filed a proper affidavit charging the defendant with an offense; (2) a warrant issued thereon, and (3) arrest of the defendant upon said warrant within three years of the commission of the offense charged.

In the prosecutor's view, a prosecution is deemed commenced within the meaning of the statute with the filing of the affidavit and the issuance thereon in good faith of a warrant for the arrest of the defendant; that the actual arrest of the accused is not an essential part or attribute of the term "prosecution commenced"; the prosecution further contends that if said affidavit is filed and warrant issued within three years from the date of the commission of the offense charged, the fact that the defendant is apprehended upon said warrant more than three years after the offense charged is committed is immaterial.

It being conceded that the affidavit and warrant are in proper form, no objection having been raised thereto, the specific question presented for determination may be stated as follows:

Is the arrest of the accused necessary before it can be said that a prosecution has been commenced within the meaning of the statute of limitations?

The statutes of Ohio provide when and in what manner a prosecution may be initiated, whether by affidavit, information, or indictment, and when process may issue thereon. §§13432-9; 13437-34; 13438-1 GC. When the prosecution is upon an affidavit, the warrant to be issued is required to "command the officer to whom issued, forthwith, to take the

accused and bring him before the magistrate or court issuing such warrant, etc." §13432-19 GC.

In our civil procedure, for the purpose of applying the statute of limitations, the legislature has stated when an action is commenced, and when an action is deemed commenced upon failure to obtain initial service. We have no such legislative expression as to when a criminal prosecution is commenced, or deemed commenced. We must, therefore, seek the answer to our question in the decisions of our reviewing courts.

Extensive search by counsel and the court fails to disclose any reported Ohio authority dealing with the precise question.

The defense cites the case of State v Floyd Norris, reported in 13 N.P.N.S., 199; 23 O.D. 472. While that case deals with the statutory limitations of actions upon a misdemeanor, it is clearly distinguishable from the case at bar in that the defendant was arrested upon a warrant within three years of the commission of the offense, while in our case the arrest was made after the expiration of three years. In the Norris case supra, the defendant, having been arrested, had a preliminary hearing before a Justice of the Peace and was bound over to the Grand Jury, all during the three year period. The indictment which followed was found after the expiration of the three year period, was attacked by a motion to quash, which the court overruled, holding that the arrest and the preliminary hearing constituted a commencement of the prosecution.

Our attention has been directed by the prosecution to the case of **Morrow v State, 1 Oh Ap 95.** That case affords us scant assistance in our inquiry since the question there involved was whether a criminal case was pending prior to the effective date of a constitutional amendment.

To the same effect is the case of **Hartnett v State, 42 Oh St 568,** referred to by the court in the Morrow case, supra. Both of these cases are interesting in that they create the impression, at first blush, that an arrest is the initial step in a criminal prosecution. For example, quoting from Hartnett v State supra, we find the following:

"The **first step,** the arrest, the examination and commitment, the presentment by the grand jury of the written accusation of the crime, which becomes the indictment, the arraignment, plea, trial, verdict, sentence, and execution, are regarded as successive steps in a criminal cause or prosecution." (Italics those of the Supreme Court)

The 1st syllabus of the Morrow case, supra, proceeds as follows:

(1) "The prosecution of a person accused of a crime * * * * * * dates from the arrest of accused and not from his indictment; hence, the prosecution was commenced and was pending on January 1, 1913 * *" (date the amendment took effect).

Neither of these cases are decisive of the question with which we are concerned. It is noteworthy, however, that the court in the Morrow case, supra, recognize and quote a rule laid down in the text Wharton, Crim. Pl. and Pr. (9 Ed) Sect. 1 and it is because of this recognition by the court of this rule that the prosecution refer us to a case which at the first impression seems contrary to its position. The rule is stated thus:

"The usual commencement of a criminal procedure is a preliminary oath before a magistrate, upon which, if it appear on the face of such oath that a criminal offense has been commited by the defendant within the magistrate's jurisdiction, a warrant issues."

The foregoing rule is also found in 12 O Jur Sec 54, pg 98, citing as the authority therefore the reference to Wharton by the court in the Morrow v State supra.

While the precise problem has apparently escaped the attention of our Ohio reviewing courts, we are not entirely without aid and guidance of respectable authority in courts of other jurisdictions. Since the statutes of limitations involved in those decisions are quite similar and analogous to our own, we believe it will be advisable to refer to several of those decisions herein.

In the discussion under the head "Commencement of Prosecution", in Vol. 16 of Corpus Juris, §355, page 230 and 231, we find the statement:

"An arrest is not a part of the commencement of the suit, and it is therefore not essential that it be made within the statutory period, although, as in civil cases, process therefore must issue upon the indictment and must be served without unnecessary delay." (citing decisions in Ala., Conn., Kansas)

The Statute of Limitations of Kansas, found in General Statutes of Kansas, annotated 1935, is analogous to ours—its contents read:

"Sec. 62-503. **Limitations in other cases.** In all other cases, prosecution for an offense must be commenced within two years after its commission."

The Supreme Court of Kansas, in a case in which the arrest was made after a period of limitation had run its course, but in which an affidavit had been filed and a warrant issued within the two year period, held:

"A criminal prosecution is commenced when a warrant is duly issued and placed in the hands of a proper officer to be executed in good faith and with due diligence, and if so issued within the time limited by law for the commencement of such criminal prosecution and executed thereafter without unnecessary delay, even though the arrest be made after the statutory limitation has run, the prosecution will still deem to have been commenced in time."

In re: Clyne Petitioner, 52 Kansas, 441, 35 Pacific 23. See also State vs Woolworth 148 Kansas 180; 81 Pacific Rep. 2nd series, page 43. State v Watterman 74 Kansas 253.

In another case the same authority stated:

"Under the law of this state the prosecution is commenced on the date the warrant is issued and placed in the hands of the officer for service." State v Watson, 67 Pac. 2nd Series, page 515. Sup. Court of Kansas—Decided May 7, 1937.

The decisions of the reviewing courts of the State of Oklahoma seem to be corroborative of the authorities cited and are interesting in view of the analogy between the statutes of that state and ours.

The Statute of Limitations in the State of Oklahoma is as follows:

"Sec. 2442. In all other cases a prosecution for a public offense must be commenced within three years after its commission."

The Criminal Court of Appeals of Oklahoma held on February 17, 1933:

"Criminal prosecution is 'commenced' within the statute of limitations when complaint is filed with magistrate in good faith and warrant issued." (Hicks v State, 23 Pac., 2nd, 219.)

At page 220 the court says:

"Where a preliminary complaint is filed in good faith and a warrant issued thereon, such step arrests the statute of limitations."

The court cites as authority the cases of Davenport v State, 20 Okl. Cr. 253, 202 Pac. 18. Jarrett v State (Okl. Cr.) 292 Pac. 888.

The case of Jarrett v State supra, specifically held that "It is not essential that the warrant shall be served in order that the prosecution be commenced." In the syllabus of this decision we find:

"When a prosecution for a public offense has been commenced by filing a preliminary complaint or information in good faith and a warrant is issued thereon, but the accused does not come into the custody of the state until after the expiration of three years, the state may proced on the original preliminary complaint or may file another charging the identical offense."

In like vein run the decisions of the Indiana Courts. It was held in State v Simpson, 166 Ind., 211; 76 N. E. 544, that:

" A prosecution for forgery and the uttering of forged notes is commenced, within the statute of limitations when an affidavit is filed with the justice of the peace and a warrant issued for the arrest of the accused."

Similarly, in Flick v State, 22 Ind. App. 550; 51 N. E. 951, the appellate court held that:

"A criminal prosecution is 'commenced' by the issuing of a warrant, within the statute requiring that prosecutions for certain offenses shall be commenced within two years after the commission thereof."

The foregoing resume of authorities is by no means exhaustive of the subject, but is quite persuasive of the conclu-

sion that a criminal prosecution is commenced independently of the arrest of the accused.

And, we might well inquire, why should it be otherwise? The statute of limitations, in criminal cases, as stated by the Supreme Court of Illinois, "is an act of grace, it is a surrendering by a sovereign of its right to prosecute." The Legislature of Ohio by the enactment of §12381 GC has stated when and upon what condition the Sovereign State of Ohio would surrender its right to prosecute wrongdoers in misdemeaner cases. By incorporating in the statute the language, "unless such indictment is found, or prosecution commenced," it delegates to the grand juries, the elected prosecutors and the duly authorized law enforcement officials the prerogative of determining whether the right to prosecute is to be surrendered by the State. The grand jury may or may not indict, the prosecutor may or may not prosecute if he deems his evidence insufficient; yes, the victim of the offense, may, in a forgiving mood, refuse to subscribe to an affidavit which would set the wheels of prosecution in motion. These are the persons with whom is vested the discretion as to a criminal prosecution. Nothing in the act indicates any intention to vest the offender with such prerogative.

To adopt the rule contended for by the defense, namely that the commencement of a criminal prosecution is complete only upon the arrest of the defendant, would, in effect, be extending this prerogative to the defendant. It would place the fleet, skillful, dexterous offender, no matter how vicious, who is able through his ingenuity to conceal himself and avoid arrest for three years beyond the possibility of prosecution. The fact that police officers might be ever so diligent in attempting to serve the warrant of arrest would make no difference if the offender could outwit them for three years. The statute so interpreted would be a bar. Such an interpretation would be unsound and in our judgment contrary to the intention of the legislature. The fact that the legislature after using the term "prosecution commenced" failed to enact a saving clause to cover absences from the jurisdiction, concealment, etc., in criminal actions strengthens us in our conviction above expressed.

The long lapse between the issuance of the warrant and the arrest naturally gives rise to the query; How long after warrant issued may the prosecution be kept alive? We have no statutory enactment to cover this contingency. The reported cases on the subject, invariably hold, that the warrant must be served, "with due diligence"; "without necessary delay", etc. If the delay in the service of the writ is occasion-

ed by the act of the defendant, he certainly will not be heard to complain. On the other hand, if the delay is caused by the voluntary act, carelessness or neglect of duty of either the officer serving the writ or the prosecuting attorney, the action will be barred. The rule has been stated in the Clyne case, supra, and we believe it to be sound. The court says:

"that it (the warrant) must be issued in good faith and with intention that it be presently served and that the officer must proceed to execute it according to its command; that he must make the arrest within a reasonable time and at the first reasonable opportunity offered him. Neither the county attorney nor the sheriff, nor both together, can by voluntary act or by any neglect of official duty, extend the limit of the law."

No claim is made by the defense that the arrest of the defendant was unnecessarily delayed. It is conceded that at the time of the attempted service of the warrant, immediately upon its issue, that the defendant was out of the State of Ohio in servitude in Indiana. When the defendant returned to this jurisdiction, or whether the police had knowledge thereof, or had the opportunty to apprehend defendant before they did, is not argued nor is there any issue raised by these considerations. We must, therefore, conclude that there was no unreasonable delay in the arrest of the defendant; that whatever delay there was is due to the fact that defendant was out of the State of Ohio beyond the reach of our process; that the officers exercised due diligence in apprehending the defendant upon his return to this jurisdiction.

The court, therefore, concludes that a criminal prosecution has been commenced within the meaning of the §12381, GC when there has been filed with the clerk of the court, or magistrate, an affidavit in due form, charging the accused with the commission of an offense and a warrant is issued thereon in good faith and placed in the hands of the officer for service with the intention that it be served presently and the officer has proceeded to execute it according to its command, that such officer must make the arrest within a reasonable time and at the first opportunity offered him.

It appearing from the comments of the court herein that the City of Cleveland has met the duty imposed upon it by law, the motion to quash the affidavit will be overruled.