THE STATE OF OHIO *v.* CROW.

(No. 830435B—Decided April 1, 1986.)

Ashtabula Municipal Court.

*Albert S. Camplese,* assistant solicitor, for plaintiff.

*Joseph Humpolick,* for defendant.

OLSEN, J. This cause came on for hearing on a motion to dismiss. There were two cases, a petit theft and a criminal trespass, combined since they were companion complaints. Defendant, Scott Crow, is alleged to have committed offenses on June 22, 1983. Summons was issued and signed for by an agent on June 27, 1983. Defendant failed to appear on July 6, 1983. Warrants were issued to the county sheriff, who received the warrants on July 13, 1983. The warrants were executed on March 1, 1986.

Defendant's mother testified that she had lived for nine years at her present address and defendant lived with her at that residence except when he entered the Navy when he was seventeen years old. Defendant is now twenty-four years old. She further testified that no one from the sheriff's department or the city police ever came to the house. Mrs. Crow further testified that defendant would leave home for three or four months but he "always came home." She testified that he was a "Momma's boy" and she would receive letters and telephone calls whenever he was away.

Defendant testified that he lived with his mother for nine years and during that time he was gone for two years in the Navy and a period of three months in Texas. Discharge from the Navy was in June 1983 prior to the alleged commission of the instant offenses.

Defendant was incarcerated in the county jail for a period of forty-five days in June 1985 when he was charged with second offense shoplifting, waived counsel, and waived preliminary hearing. The city directories for the years 1983 and 1984 list the defendant at his mother's address.

The motion to dismiss raises two issues. First, consideration should be given the statute of limitations found in R.C. 2901.13(A): "Except as otherwise provided in this section, a prosecution shall be barred unless it is commenced within the following periods after an offense is committed: * * * (2) For a misdemeanor other than a minor misdemeanor, two years." Second, consideration should be given to R.C. 2901.13(E): "A prosecution is commenced on the date an indictment is returned or an information filed, or on the date a lawful arrest without a warrant is made or on the date a warrant, summons, citation, or other process is issued, whichever occurs first. A prosecution is not commenced by the return of an indictment or the filing of an information unless reasonable diligence is exercised to issue and execute process on the same. A prosecution is not commenced upon issuance of a warrant, summons, citation, or other process, *unless reasonable diligence is exercised to execute the same.*" (Emphasis added.)

Prosecution was started when summons was served on June 27, 1983. Defendant failed to appear and warrants were issued on July 6, 1983. According to the facts, defendant's arrest was made two years and eight months after the warrants were issued. Under R.C. 2901.13(G), the period of statutory limitation shall not run during any time the accused purposely avoids prosecution, or absents himself from this state. Evidence presented shows an absence of no more than four months. The prima-facie presumption was rebutted when the absence was shown by defendant to be for business and to get married. It is concluded that the delay in service was not occasioned by the absence of the defendant from the state. As a consequence more than two years expired from issuance of the warrants to service of the warrants.

The second consideration involves the issue of diligence in execution of the warrants. No explanation of the failure to serve the warrants was offered by the state. No testimony was presented of any effort to serve the warrants and no reason was given for the failure to execute the warrants when the defendant was in the custody of the sheriff at the county jail for forty-five days.

The only apparently applicable case in Ohio is *Cleveland* v. *Strom* (M.C. 1946), 45 Ohio Law Abs. 216. The arrest of Strom was delayed because he was incarcerated in Indiana. *Strom* decided that a case was commenced when the warrant was issued. No argument was presented concerning unreasonable delay in service of the process.

With the adoption of the Criminal Code on January 1, 1974, R.C. 2901.13 (E) became law. Hence, the major issue herein is the question of reasonable diligence.

In *Kohlhaas* v. *Morse* (1962), 36 Ill. App. 2d 158, 183 N.E. 2d 16, paragraph three of the headnotes; 36 Words and Phrases (Pocket Part 1985) 72, it states: "The unexplained failure to obtain service on a party until months after the statute of limitations had run, is not reasonable diligence to obtain service."

The Committee Comment to R.C. 2901.13(E) states that the purpose of the statute is to discourage inefficient or dilatory law enforcement rather than to give offenders the chance to avoid criminal responsibility for their conduct.

In 26 Ohio Jurisprudence 3d (1981) 193, Time for Arrest, Section 484, the author states: "A warrant must be issued in good faith, and with intention that it be presently served, and the officer must proceed to execute it according to its command; he must make the arrest within a reasonable time, and at the first reasonable opportunity offered him. * * *" As authority for the foregoing, the author cites *Cleveland* v. *Strom, supra.* The case is not authority for the

question of diligence in the service of a warrant.

The language of the statute, R.C. 2901.13(E) and the fundamental doctrine of due process require that law enforcement officers be diligent in serving warrants. Webster's New World Dictionary (2 Ed.) states that "diligent" is: "persevering and careful in work; hardworking; industrious" or "done with careful, steady effort." In this age of electronic retrieval of information, this situation should not have occurred.

Under the facts in this case, which are extreme, the court finds that law enforcement was not diligent, let alone reasonably diligent, and the warrants are quashed and the cases dismissed.

*Cases dismissed.*